L. W. HURST, Appellant,

v.

The TRAVELERS INSURANCE COMPANY, Appellee.

No. 5486.

Court of Civil Appeals of Texas.

El Paso.

Dec. 27, 1961.

Rehearing Denied Jan. 31, 1962.

Warren Burnett, Odessa, Ed Keys, Monahans, for appellant.

Turpin, Kerr, Smith & Dyer, Max N. Osborn, Midland, for appellee.

FRASER, Chief Justice.

This is a workman's compensation case. Appellant bases his appeal on the failure of the trial court to rule on or grant his motion for a new trial, causing same to be over-ruled as a matter of law, and further, on alleged jury misconduct and conflict in the jury's answers to the special issues.

The facts, roughly, are that appellant, L. W. Hurst, was injured September 28, 1957, and was operated on for hernia on October 22, 1957. Apparently appellant was re-leased by his doctor for return to full duty

January 24, 1958. In his brief, however, he alleges that he returned to work December 26, 1958. It appears from the record that between the time of the original injury and the trial of this case, appellant had developed a second hernia. He also alleged that he was suffering from some back injury. The jury's answers to the issues resulted in a verdict by the court that appellant take nothing, on the ground that the injuries found by the jury had already been paid for—to-wit, fifteen weeks.

Appellant's first point charges that the jury agreed to award him a given sum of money as compensation; that the jury attempted to return a "money verdict" in a workman's compensation case; that the jury deliberately considered the legal effect of its answers to the issues; that the jury discussed and considered unsworn testimony; that one juror assumed that a particular issue was immaterial and answered same contrary to his belief; that one juror relied on another juror's representation that the answer to an issue was immaterial.

■■ It is urged by the appellant that each item is error within itself and that, cumulatively, the group of errors likely caused an improper verdict to be rendered. It must be borne in mind that the trial judge made no findings on the motion for a new trial and did not overrule same, but permitted the motion to become overruled as a matter of law. We have not found any cases bearing squarely on this matter, but assume that we must find all reasonable presumptions in favor of the judgment, and in the absence of an affirmative ruling by the trial judge assume that he found no reason or sufficient justification to grant the motion for a new trial. Also, it must be further noted, as we consider this case, that the burden is on the proponent, or appellant, to prove the happening or occurrence of the alleged error, and that such error caused injury to appellant and probably caused a wrong judgment to be rendered, the occurrence and particulars of the alleged misconduct being a matter of fact, the extent of the harm, if any, and its effect being a matter of law.

■ In taking up the first three items—to-wit, the alleged agreement of the jury and its alleged attempt to return a money verdict, and the allegation that it considered the legal effect of its answers—we do not believe that error has been sufficiently proven here, or that same did or likely could have resulted in harm to the appellant. First of all, the record taken at the hearing on the motion for new trial shows that the two jurors, Tampke and Sharp, stated that they and the jury thought that appellant needed about $2800.00 to make him whole, or put him back on his feet, and that they thought that that is what he ought to have, and that they thought that was what they had given him. When they discovered that it did not turn out that way, they apparently made this fact known to appellant or his attorney, on the ground that that was not the result they had intended to accomplish. This information was gleaned from affidavits and testimony in the above-mentioned record; but also, in such testimony, these jurors both said that they attempted to answer the issues in accordance with the evidence and the court's charge. In the absence of a direct finding by the trial court, whose action was merely to decline to grant a new trial, but who knowingly permitted the motion to become overruled by operation of law, we must resolve these conflicts as best we can, and it is our opinion that they should be resolved as nearly as possible in support of the judgment and action of the court below. Only two jurors appeared to have been called, or to have testified, and both jurors testified that they had thought the plaintiff should get a sum of money, but they also stated that they followed the evidence and charge of the court in answering the issues. So, there being a conflict in the testimony of each of the two jurors called, we feel that such conflict must be resolved in favor of the judgment or verdict of the court below, and we so find. Also, with regard to these matters, it must be pointed out that

if these matters are taken and considered to their fullest extent from the appellant's point of view, the jury was merely trying to do an illegal thing in order to render what they thought was justice for the appellant—to-wit, return a money judgment and answer the issues to that end. We do not think the appellant has proven any error in this field, as it has been stated that it is not a sound principle of law that an appellant may obtain a reversal of a judgment favorable to appellee on the theory that he would have obtained a better judgment through jury misconduct. (Grady v. Dallas Railway & Terminal Co., Tex.Civ.App., 278 S.W.2d 282, n. r. e.). That seems to be the situation here, as well as the fact mentioned above, that we do not find harm, as the jury was apparently trying to give him more than he got.

■ With regard to the next subdivision of Point 1, it was stated by two jurors that they heard another juror mention a hernia that he had had, and another juror say something about a hernia that some relative had. The names of such jurors are not in the record, nor is there any quotation from them or information as to how much or what was actually said. We cannot evaluate this matter on such an absence or dearth of information. It is not every error that is harmful, and we must hold here, as a matter of law, that appellant has failed to prove that these occurrences resulted in harm or injury to him and likely caused an improper verdict to be rendered. In the absence of any testimony from the actual jurors alleged to have made these remarks, or any definite statement as to what they said in particular, we must hold that this point has not been proven to the extent that error is established.

■ Next, the appellant alleges that one juror assumed that a particular special issue was immaterial, and answered same contrary to his belief; and further, that one juror relied on another juror's representation that the answer to an issue was immaterial. Misconstruction of the charge or a portion thereof does not necessarily constitute error, nor can the mental processes of a juror be inquired into or revealed. Whited v. Powell, 155 Tex. 210, 285 S.W.2d 364.

There is no proof as to what the representation was in actual words, or who made it, or what, if any, discussion followed. This applies to the next subdivision of this first point, where it is alleged that it was represented to one juror that it was immaterial how they answered one issue. Again, we are met with this conflict regarding the above three subdivisions, because the two jurors who did testify stated that they based their answers on the evidence, as the court had instructed them to do. In fact, juror Tampke testified as follows:

"Q. Mr. Tampke, you say as far as you know, and all the other jurors made a determined effort, did you not, to answer the questions as the court gave them to you, you were going through them one by one?

"A. Yes, sir.

"Q. Based on the evidence that was adduced during the trial, is that correct?

"A. Yes, sir.

"Q. You made a real effort to do that just as the court had told you to, did you not?

"A. Yes, sir."

The other juror, Mrs. T. J. Sharp, said, "We took those questions one at a time and tried to answer them to the best of our ability, and that is what we thought we did." Further:

"Q. You based your answers only on the evidence as the court instructed you to do?

"A. Yes, sir."

Again, we feel that appellant lacks proof to establish reversible error in that, as stated above, the errors complained of are

not sufficiently substantiated by detailing the alleged conversations, or even naming the various speakers. Secondly, we believe that, with this conflict confronting us, we are obligated to resolve the same in support of the judgment under the conditions here present. Even though the facts be partially proven here we do not find enough to warrant our holding, as a matter of law, that probable harm resulted. It is not the function of appellate courts to overturn verdicts, but to ascertain if harmful and material error has occurred, and if such probably caused a verdict unfavorable to appellant to have been rendered. The Supreme Court, speaking through the Commission of Appeals, in the case of Monkey Grip Rubber Company v. Walton, 122 Tex. 185, 53 S.W.2d 770, points out that mere agreement by the jury during deliberation as to which party is entitled to verdict is not reversible error, but that it must be shown that the jury deliberately attempted to cause this effect by the framing of their answers. This case also holds that the appellate court must presume in support of denial of new trial sought because of juror's misconduct; that trial court gave testimony most favorable construction and determined no misconduct occurred. Here we have the failure or refusal of the trial court to pass on the motion, thereby causing it to be overruled as a matter of law, but we believe the above principles should apply in this situation. See also: Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62; Kimble v. Younger Bros.—J. M. English Truck Lines, Inc., Tex.Civ.App., 283 S.W.2d 254 (n. r. e.); Trice Contract Carpets & Furniture Co., Inc. v. Gilson, Tex. Civ.App., 329 S.W.2d 476 (n. r. e.); Millstead v. Aynesworth, Tex.Civ.App., 341 S.W.2d 942 (n. r. e.).

In closing this rather difficult point, we should like to state that we believe that, where the trial court had ample opportunity either to grant or specifically overrule the motion for new trial, but did neither and merely permitted it to be overruled by operation of law (he is certainly presumed to know the law), such action, while perhaps not as strong as a deliberate refusal of the motion, nevertheless evidences the trial court's disinclination to set aside the verdict and judgment. Appellant's first point is accordingly overruled.

Appellant's second point alleges that the trial court erred in failing to rule on his motion and in failing to grant same on account of jury misconduct. As argued by appellant, where misconduct has been established, question of probable injury becomes one of law, and the court must examine the entire record. Western Cottonoil Co. v. Arnold, Tex.Civ.App., 279 S.W.2d 374.

We have examined the entire record and do not believe that appellant has been able to present sufficient proof here to warrant us in reversing this case. We will not further elaborate on the finding other than to refer to the discussion and authorities presented and cited with reference to the preceding point, with special reference to the fact that misconduct must be proven, and proven harmful, and the mere agreement as to which party is entitled to verdict is not necessarily reversible error. This point is therefore overruled.

Appellant's third point alleges that the jury's answers to the special issues are in conflict, on the ground that in answer to Special Issue No. 7, the jury found that plaintiff had not or will not sustain any partial disability as a result of his September 28, 1957 injury; and then, in answer to Special Issues Nos. 15, 16 and 17, the jury found that appellant received a second hernia subsequent to September 28, 1957; that such was the result of injuries received by appellant on September 28, 1957, and that this second hernia did contribute to his present disability. Summing up, the jury found in answer to the first six issues that Mr. Hurst sustained injury to his body as the result of accidental injuries; that such rendered him totally incapable of labor; that such *total* incapacity was temporary; and that it began October 22nd and lasted

for a period of fifteen weeks. Then, in Issue No. 7, this jury found that Mr. Hurst had not sustained and would not sustain *partial* disability as the result of his September 28, 1957 injury. This seems to us to be a total disposition of the problem. Having found that the total incapacity had terminated, and that partial incapacity did not and would not exist, we do not believe that the answer to Issue No. 17, with its companion and subsequent issues numbers 18 and 19, could have, or did have, any effect; and we feel that that, in effect, is what the trial court also held. This point is overruled.

Appellant's fourth and last point is that a just verdict was not rendered because the trial court failed to act on his motion for a new trial, or to grant same. We think this point has been covered by our preceding discussion, and it is therefore overruled.

We overrule all of appellant's points and declare the judgment of the trial court affirmed.