In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00020-CV

                                                ______________________________

 

 

 

                                    IN
RE:  STEPHANIE AGERS, INDIVIDUALLY

AND
AS NEXT FRIEND, NATURAL PARENT AND

LEGAL
GUARDIAN OF OMARION COLE, A MINOR

 

 

                                                                                                  


 

                                                                                                                
            

                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                            Memorandum
Opinion by Justice Moseley

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Stephanie Agers, on behalf of
Omarion Cole, a minor, brought suit against the Harrison County Hospital
Association, d/b/a Marshall Regional Medical Center (MRMC), alleging that MRMC’s
negligent failure to recognize the danger in Cole’s rising bilirubin levels and
the failure to provide treatment for that condition proximately caused Cole
serious brain injury.  MRMC sought the
production of records and materials regarding Cole from the Texas Department of
Family and Protective Services (DFPS).  Agers
opposed the production of the DFPS records, arguing that they were confidential
and irrelevant.  After an in camera
review, the trial court ordered the production of forty-one pages of DFPS
materials.  Agers sought mandamus relief.


            Here, Agers argues that the trial
court abused its discretion because:  (1)
MRMC is not eligible to receive the DFPS records because it is not among the
entities listed in 40 Tex. Admin. Code
700.203 as one who is entitled to those records; (2) the disclosure of the DFPS
records is not essential to the administration of justice; and (3) in ordering
the disclosure of the DFPS records, the trial court failed to make a specific
finding (MRMC failed to produce evidence indicating) that the specific
requirements of Section 261.201(b) were met.

            We deny Agers’s petition for writ of
mandamus because:  (1) although MRMC is
not among those entitled to access to such records without a court order, it is
entitled to view the DFPS records if a court orders them to be produced; (2)
the trial court could have reasonably determined that the DFPS records were
essential to the administration of justice; and (3) Section 261.201 of the Texas
Family Code does not require a trial court’s order to contain the specific
findings that production is essential to the administration of justice when
ordering the disclosure of DFPS confidential records. 

Factual and
Procedural Background 

            Cole was born to Agers on September
12, 2005.  From shortly after his birth
until he was discharged from MRMC, Cole’s medical records indicate steadily
increasing bilirubin levels in his blood. 
The normal reference range for bilirubin levels is between 2.0 and 10.0
mg/dL.  The date, time, and bilirubin
levels (in mg/dL) indicated in each test were: 

            9-12-05 at 5:00 p.m. Bilirubin level
was 3.8;

            9-13-05 at 5:15 a.m. Bilirubin level
was 8.1 (14 hours after birth);

            9-13-05 at 4:30 p.m. Bilirubin level
was 9.8 (25 hours after birth);

            9-14-05 at 5:25 a.m. Bilirubin level
was 12.6 (38 hours after birth); and

            9-14-05 at 2:55 p.m. Bilirubin level
was 13.4 (48 hours after birth).

 

When
Cole was discharged from MRMC on September 14, his bilirubin level was above
normal; five days after his discharge, he was re-admitted to MRMC with a
bilirubin level of 135.2mg/dL and then diagnosed with kernicterus (bilirubin
encephalopathy), a specific form of brain damage. Agers contends that Cole’s
kernicterus occurred in part during the period between September 14 and
September 19 as a proximate result of the nurse’s failure to recognize the
elevated bilirubin levels as a problem and treat the condition before Cole was
discharged from MRMC’s care. 

            The cause of Cole’s brain damage was
the issue.  MRMC provided notice to all
parties that it intended to depose DFPS by deposition on written questions.  The deposition sought the production from DFPS
of “any and all records” pertaining to Cole.  Agers objected and moved to quash the request,
also seeking a protective order on the grounds that the production request was
overly broad, that it sought the production of irrelevant materials, and that
it requested privileged, confidential DFPS records that were not subject to
public release under Tex. Fam. Code Ann.
§ 261.201 (Vernon Supp. 2009); 40 Tex.
Admin. Code § 700.203 (2010).

            After a telephone hearing, the trial
court ordered DFPS to produce the records for an in camera inspection.[1]
 After inspecting the materials, the
trial court ordered DFPS to produce forty-one pages of the DFPS materials to
MRMC (“DFPS materials”).[2]
 The trial court denied Agers’s motion
for reconsideration of the motion to quash and motion for protective order, but
granted a forty-five day stay of the production of the DFPS materials so that
Agers could pursue mandamus relief.  

Availability of
Mandamus Relief

            We grant the extraordinary relief of
mandamus only when the trial court has clearly abused its discretion and the
relator lacks an adequate appellate remedy. 
In re Team Rocket, L.P., 256
S.W.3d 257 (Tex. 2008) (orig. proceeding).  The scope of discovery is generally within the
trial court’s discretion.  Dillard Dep’t Stores, Inc. v. Hall, 909
S.W.2d 491, 492 (Tex. 1995).  With
respect to the resolution of factual issues or matters committed to the trial
court’s discretion, the reviewing court may not substitute its judgment for the
trial court.  Brady v. Fourteenth Court of Appeals, 795 S.W.2d 712, 714 (Tex.
1990) (orig. proceeding).  The relator
must establish that the trial court could reasonably have reached only one
decision.  Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig.
proceeding).  Review of a trial court’s
determination of legal principles controlling its ruling applies a much less
deferential standard, since the trial court has no discretion in determining
what the law is or applying the law to those facts.  In re
Jorden, 249 S.W.3d 416, 424 (Tex. 2008) (orig. proceeding); Walker, 827 S.W.2d at 840. 

Accessibility of Confidential
DFPS Records Through Court Order

            In her first point of error, Agers
argues that MRMC is not in the class of persons or entities to whom the
confidential DFPS records may be disclosed.  She argues that a private entity, such as
MRMC, is not listed under 40 Tex. Admin.
Code § 700.203 as an entity to whom the confidential DFPS records may be
disclosed; ergo, Agers argues, the trial court may not order the records to be
disclosed to MRMC.  We disagree. 

            Agers mischaracterizes the purpose
and exclusivity of Section 700.203.  It
contains a list of persons and entities to whom confidential records (such as the
DFPS records at issue in this case) may be disclosed without the intervention
of a court order.  40 Tex. Admin. Code §§ 700.203(a),
700.205(e) (2010).  Section 700.205(e) of
the Administrative Code provides that “individuals not otherwise authorized to
obtain records .  .  . must obtain a court order” ordering the
disclosure of the records “using the procedures outlined in § 261.201(b).”  40 Tex.
Admin. Code § 700.205(e).  In
this case, MRMC sought, and the trial court properly considered, the disclosure
of the DFPS records through the Section 261.201(b) procedures. 

The Trial Court Could Have
Reasonably Determined that the Production of the DFPS Record is Essential to the
Administration of Justice  

 

            Agers also contends that the DFPS
records are not essential to the administration of justice, and therefore do
not meet the requirements of Section 261.201 of the Texas Family Code.  We disagree. 

            Section 261.201(b) of the Texas
Family Code provides, in relevant part, that a court may order the disclosure
of confidential information if:

            (3)        after
hearing and an in camera review of the requested information, the court
determines that the disclosure of the requested information is:

                        (A)       essential to the administration of
justice;[3]
and

                        (B)       not likely to endanger the life or safety
of:

                        (i)         a child who is the subject of the
report of alleged or suspected abuse or neglect;

                        (ii)        a person who makes a report of alleged
or suspected abuse or neglect; or

                        (iii)       any other person who participates in an
investigation of reported abuse or neglect or who provides care for the child.[4]

 

Tex. Fam. Code Ann. § 261.201(b). 

            Here, Agers argues that the DFPS
documents are not essential for the administration of justice and that they are
irrelevant unless they pertain to the two-week period during which Cole
suffered his brain injury.  Agers
contends that MRMC’s nurses’ failure to recognize and treat Cole’s elevated and
rising bilirubin levels proximately caused, in whole or in part, his brain
injury. MRMC contends that Cole’s condition was completely or partially brought
about by Agers’s failure to receive proper pre-natal and post-natal care for
Cole.  It also asserts that the DFPS records
are relevant and essential to their position. 

            In light of the parties’ relative
positions, Cole’s condition, its cause(s), and any factors contributing thereto
go to the very heart of this case.  The
Texas Supreme Court noted in Walker that
a denial of discovery going to the heart of a party’s case may render an
appellate remedy inadequate.  827 S.W.2d
at 843.  Having reviewed the briefs, the
record, and the DFPS records in dispute, we find that the trial court could
have reasonably determined that the disclosure of the DFPS records is relevant
to Cole’s condition, pre-natal, and/or post-natal care, and that their
disclosure was essential to the administration of justice.[5]  With the required due deference to the trial
court’s inherent factual determinations and restrictions on the disclosure of
the confidential information contained in the DFPS records, we decline to cite
specific facts and find that the trial court did not abuse its discretion in
ordering the disclosure of the DFPS records. 

Need for Specific
Findings in Order Issued Pursuant to Texas Family Code Section 261.201 

            Agers contends that the entry of
such an order was permissible only after MRMC had introduced evidence that
release of the DFPS records was unlikely to endanger the life or safety of the
child, a person reporting abuse, or the life or safety of others participating
in the abuse allegation.   She also
maintains that the order itself was required to include specific findings to
that effect.    We disagree. 

            If, after a hearing and in camera
review of the requested documents, the court determines that the disclosure of
the information is essential to the administration of justice and “not likely
to endanger the life or safety of” the child, a person reporting alleged abuse,
or any person participating in the investigation, the court may order the
documents to be disclosed.  Tex. Fam. Code Ann. § 261.201(b).  The statute does not require the trial court
to make specific findings either that the disclosure of the records is “essential
to the administration of justice” or that disclosure is “not likely to endanger”
the persons listed in the statute.  See id.  Absent such a specific requirement, we will
not impose one.  A trial court is
presumed to know the law[6]
and a recitation of what the law requires the trial court to consider in
exercising its discretion is not necessary.  Further, there is no evidence in the record
that the disclosure of the DFPS records would endanger the life or safety of
the child, a person reporting alleged abuse, or any person involved in the
abuse investigation. 

            We deny the petition for writ of mandamus.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          May
4, 2010

Date Decided:             May
5, 2010

 











[1]Relators
renewed their motion for a protective order precluding the production of the
DFPS materials.

 





[2]About
that time, the trial judge, the Honorable Bonnie Leggat Hagan, retired and was
succeeded by the Honorable William Todd Hughey. 






[3]This
term is not defined by statute.

 





[4]Section
261.201(b) also requires that a motion has been filed with the court requesting
the release of the information and a notice of hearing has been served on the
investigating agency and all other interested parties.  Here, the parties do not dispute that a
motion was filed seeking the release of the DFPS records, that a proper notice
was given to the investigating agency and all interested parties, and that a
hearing was held to determine whether or not, and to what extent, the DFPS
records should be disclosed.

 





[5]This
opinion relates to the discoverability of the DFPS records under Section
261.201 of the Texas Family Code and should not be construed as a ruling or
opinion regarding the admissibility of any portion of the DFPS records. 





[6]Hurst v. Travelers Ins. Co., 353 S.W.2d
60, 64 (Tex. Civ. App.––El Paso 1961, no writ).