

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00020-CV

_____

IN RE:   STEPHANIE AGERS, INDIVIDUALLY
AND AS NEXT FRIEND, NATURAL PARENT AND
LEGAL GUARDIAN OF OMARION COLE, A MINOR

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Stephanie Agers, on behalf of Omarion Cole, a minor, brought suit against the Harrison County Hospital Association, d/b/a Marshall Regional Medical Center (MRMC), alleging that MRMC's negligent failure to recognize the danger in Cole's rising bilirubin levels and the failure to provide treatment for that condition proximately caused Cole serious brain injury. MRMC sought the production of records and materials regarding Cole from the Texas Department of Family and Protective Services (DFPS). Agers opposed the production of the DFPS records, arguing that they were confidential and irrelevant. After an in camera review, the trial court ordered the production of forty-one pages of DFPS materials. Agers sought mandamus relief.

Here, Agers argues that the trial court abused its discretion because: (1) MRMC is not eligible to receive the DFPS records because it is not among the entities listed in 40 TEX. ADMIN. CODE 700.203 as one who is entitled to those records; (2) the disclosure of the DFPS records is not essential to the administration of justice; and (3) in ordering the disclosure of the DFPS records, the trial court failed to make a specific finding (MRMC failed to produce evidence indicating) that the specific requirements of Section 261.201(b) were met.

We deny Agers's petition for writ of mandamus because: (1) although MRMC is not among those entitled to access to such records without a court order, it is entitled to view the DFPS records if a court orders them to be produced; (2) the trial court could have reasonably determined that the DFPS records were essential to the administration of justice; and (3) Section 261.201 of

2

the Texas Family Code does not require a trial court's order to contain the specific findings that production is essential to the administration of justice when ordering the disclosure of DFPS confidential records.

*Factual and Procedural Background*

Cole was born to Agers on September 12, 2005. From shortly after his birth until he was discharged from MRMC, Cole's medical records indicate steadily increasing bilirubin levels in his blood. The normal reference range for bilirubin levels is between 2.0 and 10.0 mg/dL. The date, time, and bilirubin levels (in mg/dL) indicated in each test were:

9-12-05 at 5:00 p.m. Bilirubin level was 3.8;
9-13-05 at 5:15 a.m. Bilirubin level was 8.1 (14 hours after birth);
9-13-05 at 4:30 p.m. Bilirubin level was 9.8 (25 hours after birth);
9-14-05 at 5:25 a.m. Bilirubin level was 12.6 (38 hours after birth); and
9-14-05 at 2:55 p.m. Bilirubin level was 13.4 (48 hours after birth).

When Cole was discharged from MRMC on September 14, his bilirubin level was above normal; five days after his discharge, he was re-admitted to MRMC with a bilirubin level of 135.2mg/dL and then diagnosed with kernicterus (bilirubin encephalopathy), a specific form of brain damage. Agers contends that Cole's kernicterus occurred in part during the period between September 14 and September 19 as a proximate result of the nurse's failure to recognize the elevated bilirubin levels as a problem and treat the condition before Cole was discharged from MRMC's care.

The cause of Cole's brain damage was the issue. MRMC provided notice to all parties that it intended to depose DFPS by deposition on written questions. The deposition sought the

3

production from DFPS of "any and all records" pertaining to Cole. Agers objected and moved to quash the request, also seeking a protective order on the grounds that the production request was overly broad, that it sought the production of irrelevant materials, and that it requested privileged, confidential DFPS records that were not subject to public release under TEX. FAM. CODE ANN. § 261.201 (Vernon Supp. 2009); 40 TEX. ADMIN. CODE § 700.203 (2010).

After a telephone hearing, the trial court ordered DFPS to produce the records for an in camera inspection.[1] After inspecting the materials, the trial court ordered DFPS to produce forty-one pages of the DFPS materials to MRMC ("DFPS materials").[2] The trial court denied Agers's motion for reconsideration of the motion to quash and motion for protective order, but granted a forty-five day stay of the production of the DFPS materials so that Agers could pursue mandamus relief.

*Availability of Mandamus Relief*

We grant the extraordinary relief of mandamus only when the trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy. *In re Team Rocket, L.P.*, 256 S.W.3d 257 (Tex. 2008) (orig. proceeding). The scope of discovery is generally within the trial court's discretion. *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995). With respect to the resolution of factual issues or matters committed to the trial court's discretion, the

---

[1] Relators renewed their motion for a protective order precluding the production of the DFPS materials.

[2] About that time, the trial judge, the Honorable Bonnie Leggat Hagan, retired and was succeeded by the Honorable William Todd Hughey.

reviewing court may not substitute its judgment for the trial court. *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex. 1990) (orig. proceeding). The relator must establish that the trial court could reasonably have reached only one decision. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Review of a trial court's determination of legal principles controlling its ruling applies a much less deferential standard, since the trial court has no discretion in determining what the law is or applying the law to those facts. *In re Jorden*, 249 S.W.3d 416, 424 (Tex. 2008) (orig. proceeding); *Walker*, 827 S.W.2d at 840.

*Accessibility of Confidential DFPS Records Through Court Order*

In her first point of error, Agers argues that MRMC is not in the class of persons or entities to whom the confidential DFPS records may be disclosed. She argues that a private entity, such as MRMC, is not listed under 40 TEX. ADMIN. CODE § 700.203 as an entity to whom the confidential DFPS records may be disclosed; ergo, Agers argues, the trial court may not order the records to be disclosed to MRMC. We disagree.

Agers mischaracterizes the purpose and exclusivity of Section 700.203. It contains a list of persons and entities to whom confidential records (such as the DFPS records at issue in this case) may be disclosed without the intervention of a court order. 40 TEX. ADMIN. CODE §§ 700.203(a), 700.205(e) (2010). Section 700.205(e) of the Administrative Code provides that "individuals not otherwise authorized to obtain records . . . must obtain a court order" ordering the disclosure of the records "using the procedures outlined in § 261.201(b)." 40 TEX. ADMIN.

5

CODE § 700.205(e). In this case, MRMC sought, and the trial court properly considered, the disclosure of the DFPS records through the Section 261.201(b) procedures.

*The Trial Court Could Have Reasonably Determined that the Production of the DFPS Record is Essential to the Administration of Justice*

Agers also contends that the DFPS records are not essential to the administration of justice, and therefore do not meet the requirements of Section 261.201 of the Texas Family Code. We disagree.

Section 261.201(b) of the Texas Family Code provides, in relevant part, that a court may order the disclosure of confidential information if:

>    (3)    after hearing and an in camera review of the requested information, the court determines that the disclosure of the requested information is:
>        (A)    essential to the administration of justice;[3] and
>        (B)    not likely to endanger the life or safety of:
>            (i)    a child who is the subject of the report of alleged or suspected abuse or neglect;
>            (ii)    a person who makes a report of alleged or suspected abuse or neglect; or
>            (iii)    any other person who participates in an investigation of reported abuse or neglect or who provides care for the child.[4]

TEX. FAM. CODE ANN. § 261.201(b).

---

[3]This term is not defined by statute.

[4]Section 261.201(b) also requires that a motion has been filed with the court requesting the release of the information and a notice of hearing has been served on the investigating agency and all other interested parties. Here, the parties do not dispute that a motion was filed seeking the release of the DFPS records, that a proper notice was given to the investigating agency and all interested parties, and that a hearing was held to determine whether or not, and to what extent, the DFPS records should be disclosed.

6

Here, Agers argues that the DFPS documents are not essential for the administration of justice and that they are irrelevant unless they pertain to the two-week period during which Cole suffered his brain injury. Agers contends that MRMC's nurses' failure to recognize and treat Cole's elevated and rising bilirubin levels proximately caused, in whole or in part, his brain injury. MRMC contends that Cole's condition was completely or partially brought about by Agers's failure to receive proper pre-natal and post-natal care for Cole. It also asserts that the DFPS records are relevant and essential to their position.

In light of the parties' relative positions, Cole's condition, its cause(s), and any factors contributing thereto go to the very heart of this case. The Texas Supreme Court noted in *Walker* that a denial of discovery going to the heart of a party's case may render an appellate remedy inadequate. 827 S.W.2d at 843. Having reviewed the briefs, the record, and the DFPS records in dispute, we find that the trial court could have reasonably determined that the disclosure of the DFPS records is relevant to Cole's condition, pre-natal, and/or post-natal care, and that their disclosure was essential to the administration of justice.[5] With the required due deference to the trial court's inherent factual determinations and restrictions on the disclosure of the confidential information contained in the DFPS records, we decline to cite specific facts and find that the trial court did not abuse its discretion in ordering the disclosure of the DFPS records.

*Need for Specific Findings in Order Issued Pursuant to Texas Family Code Section 261.201*

---

[5]This opinion relates to the discoverability of the DFPS records under Section 261.201 of the Texas Family Code and should not be construed as a ruling or opinion regarding the admissibility of any portion of the DFPS records.

Agers contends that the entry of such an order was permissible only after MRMC had introduced evidence that release of the DFPS records was unlikely to endanger the life or safety of the child, a person reporting abuse, or the life or safety of others participating in the abuse allegation. She also maintains that the order itself was required to include specific findings to that effect. We disagree.

If, after a hearing and in camera review of the requested documents, the court determines that the disclosure of the information is essential to the administration of justice and "not likely to endanger the life or safety of" the child, a person reporting alleged abuse, or any person participating in the investigation, the court may order the documents to be disclosed. TEX. FAM. CODE ANN. § 261.201(b). The statute does not require the trial court to make specific findings either that the disclosure of the records is "essential to the administration of justice" or that disclosure is "not likely to endanger" the persons listed in the statute. *See id*. Absent such a specific requirement, we will not impose one. A trial court is presumed to know the law[6] and a recitation of what the law requires the trial court to consider in exercising its discretion is not necessary. Further, there is no evidence in the record that the disclosure of the DFPS records would endanger the life or safety of the child, a person reporting alleged abuse, or any person involved in the abuse investigation.

---

[6]*Hurst v. Travelers Ins. Co*., 353 S.W.2d 60, 64 (Tex. Civ. App.—El Paso 1961, no writ).

8

We deny the petition for writ of mandamus.


                                    Bailey C. Moseley
                                    Justice

Date Submitted:     May 4, 2010
Date Decided:       May 5, 2010