In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00235-CR

                                                ______________________________

 

 

                          REBECCA WORTHY CLEVELAND,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 349th
Judicial District Court

                                                           Houston County, Texas

                                                         Trial Court
No. 09CR-042

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Rebecca
Worthy Cleveland has appealed from her conviction on her open plea of guilty to
the offense of aggravated robbery.  See Tex.
Penal Code Ann. § 29.03 (Vernon 2003). 
The court sentenced Cleveland to fifty years’ imprisonment.  See
Tex. Penal Code Ann. § 12.32
(Vernon Supp. 2009).

            On
appeal,[1]
Cleveland contends, in a single point of error, that the punishment assessed is
disproportionate to her crime.  Cleveland’s
motion for new trial contains a contention that the sentence was
disproportionate to the offense.  A
motion for new trial is an appropriate way to preserve this type of claim for
review.[2]  See
Williamson v. State, 175 S.W.3d 522, 523–24 (Tex. App.––Texarkana 2005, no
pet.); Delacruz v. State, 167 S.W.3d
904 (Tex. App.––Texarkana 2005, no pet.).

            Texas
courts have traditionally held that as long as the punishment assessed is
within the range prescribed by the Legislature in a valid statute, the
punishment is not excessive, cruel, or unusual. 
See, e.g., Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973).  Here, Cleveland’s
sentence falls within the applicable range of not more than ninety-nine years
or less than five years and a fine of up to $10,000.00.  See
Tex. Penal Code Ann. § 12.32.

            That
does not end the inquiry.  A prohibition
against grossly disproportionate punishment survives under the Eighth Amendment
to the United States Constitution apart from any consideration of whether the
punishment assessed is within the range established by the Legislature.  U.S.
Const. amend. VIII; see Solem v.
Helm, 463 U.S. 277, 290 (1983); Harmelin
v. Michigan, 501 U.S. 957 (1991) (Scalia, J., plurality op.); Jackson v. State, 989 S.W.2d 842, 846
(Tex. App.––Texarkana 1999, no pet.); Lackey
v. State, 881 S.W.2d 418, 420–21 (Tex. App.––Dallas 1994, pet. ref’d); see also Ex parte Chavez, 213 S.W.3d
320, 323 (Tex. Crim. App. 2006) (describing this principle as involving a “very
limited, ‘exceedingly rare,’ and somewhat amorphous” review).

            Solem had suggested, as a three-part
test, that an appellate court consider: 
(1) the gravity of the offense compared with the harshness of the
penalty; (2) the sentences imposed for similar crimes in the same jurisdiction;
and (3) the sentences imposed for commission of the same crime in other
jurisdictions.  See Solem, 463 U.S. at 292.  Harmelin at least raised questions about
the viability of the Solem three-part
test.  In fact, it was subsequently held
that proportionality survived Harmelin,
but that the Solem three-part test
did not.  See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992); Lackey, 881 S.W.2d at 420–21.  In light of Harmelin, the test has been reformulated as an initial threshold
comparison of the gravity of the offense with the severity of the sentence; and
then, only if that initial comparison created an inference that the sentence
was grossly disproportionate to the offense should there be a consideration of
the other two Solem factors—sentences
for similar crimes in the same jurisdiction and sentences for the same crime in
other jurisdictions.  McGruder, 954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470
(Tex. App.––Texarkana 2006, no pet.); Lackey,
881 S.W.2d at 420–21.

            We
do not believe the sentence was grossly disproportionate to the gravity of the
offense, but even if it was, there is no evidence in the record from which we
could compare Cleveland’s sentence to the sentences imposed on other persons in
Texas or on persons in other jurisdictions who committed a similar
offense.  See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.––Texarkana 2000,
pet. ref’d); Davis v. State, 905
S.W.3d 655, 664–65 (Tex. App.––Texarkana 1995, pet. ref’d).  Without such evidence, the record before us
does not support Cleveland’s claim of demonstrable error.  Cf.
Jackson, 989 S.W.2d at 846 (“[T]here is no evidence in the record
reflecting sentences imposed for similar offenses on criminals in Texas or
other jurisdictions by which to make a comparison.”).

            There
being no other issues before us, we affirm the trial court’s judgment.

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          May
4, 2010

Date Decided:             May
7, 2010

 

Do Not Publish











[1]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005). 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.

 





[2]The
trial court did not conduct a hearing on Cleveland’s motion for new trial,
which was overruled by operation of law. 
See Tex. R. App. P. 21.8.








>  Brady v. Fourteenth Court of Appeals, 795 S.W.2d 712, 714 (Tex.
1990) (orig. proceeding).  The relator
must establish that the trial court could reasonably have reached only one
decision.  Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig.
proceeding).  Review of a trial court’s
determination of legal principles controlling its ruling applies a much less
deferential standard, since the trial court has no discretion in determining
what the law is or applying the law to those facts.  In re
Jorden, 249 S.W.3d 416, 424 (Tex. 2008) (orig. proceeding); Walker, 827 S.W.2d at 840. 

Accessibility of Confidential
DFPS Records Through Court Order

            In her first point of error, Agers
argues that MRMC is not in the class of persons or entities to whom the
confidential DFPS records may be disclosed.  She argues that a private entity, such as
MRMC, is not listed under 40 Tex. Admin.
Code § 700.203 as an entity to whom the confidential DFPS records may be
disclosed; ergo, Agers argues, the trial court may not order the records to be
disclosed to MRMC.  We disagree. 

            Agers mischaracterizes the purpose
and exclusivity of Section 700.203.  It
contains a list of persons and entities to whom confidential records (such as the
DFPS records at issue in this case) may be disclosed without the intervention
of a court order.  40 Tex. Admin. Code §§ 700.203(a),
700.205(e) (2010).  Section 700.205(e) of
the Administrative Code provides that “individuals not otherwise authorized to
obtain records .  .  . must obtain a court order” ordering the
disclosure of the records “using the procedures outlined in § 261.201(b).”  40 Tex.
Admin. Code § 700.205(e).  In
this case, MRMC sought, and the trial court properly considered, the disclosure
of the DFPS records through the Section 261.201(b) procedures. 

The Trial Court Could Have
Reasonably Determined that the Production of the DFPS Record is Essential to the
Administration of Justice  

 

            Agers also contends that the DFPS
records are not essential to the administration of justice, and therefore do
not meet the requirements of Section 261.201 of the Texas Family Code.  We disagree. 

            Section 261.201(b) of the Texas
Family Code provides, in relevant part, that a court may order the disclosure
of confidential information if:

            (3)        after
hearing and an in camera review of the requested information, the court
determines that the disclosure of the requested information is:

                        (A)       essential to the administration of
justice;[3]
and

                        (B)       not likely to endanger the life or safety
of:

                        (i)         a child who is the subject of the
report of alleged or suspected abuse or neglect;

                        (ii)        a person who makes a report of alleged
or suspected abuse or neglect; or

                        (iii)       any other person who participates in an
investigation of reported abuse or neglect or who provides care for the child.[4]

 

Tex. Fam. Code Ann. § 261.201(b). 

            Here, Agers argues that the DFPS
documents are not essential for the administration of justice and that they are
irrelevant unless they pertain to the two-week period during which Cole
suffered his brain injury.  Agers
contends that MRMC’s nurses’ failure to recognize and treat Cole’s elevated and
rising bilirubin levels proximately caused, in whole or in part, his brain
injury. MRMC contends that Cole’s condition was completely or partially brought
about by Agers’s failure to receive proper pre-natal and post-natal care for
Cole.  It also asserts that the DFPS records
are relevant and essential to their position. 

            In light of the parties’ relative
positions, Cole’s condition, its cause(s), and any factors contributing thereto
go to the very heart of this case.  The
Texas Supreme Court noted in Walker that
a denial of discovery going to the heart of a party’s case may render an
appellate remedy inadequate.  827 S.W.2d
at 843.  Having reviewed the briefs, the
record, and the DFPS records in dispute, we find that the trial court could
have reasonably determined that the disclosure of the DFPS records is relevant
to Cole’s condition, pre-natal, and/or post-natal care, and that their
disclosure was essential to the administration of justice.[5]  With the required due deference to the trial
court’s inherent factual determinations and restrictions on the disclosure of
the confidential information contained in the DFPS records, we decline to cite
specific facts and find that the trial court did not abuse its discretion in
ordering the disclosure of the DFPS records. 

Need for Specific
Findings in Order Issued Pursuant to Texas Family Code Section 261.201 

            Agers contends that the entry of
such an order was permissible only after MRMC had introduced evidence that
release of the DFPS records was unlikely to endanger the life or safety of the
child, a person reporting abuse, or the life or safety of others participating
in the abuse allegation.   She also
maintains that the order itself was required to include specific findings to
that effect.    We disagree. 

            If, after a hearing and in camera
review of the requested documents, the court determines that the disclosure of
the information is essential to the administration of justice and “not likely
to endanger the life or safety of” the child, a person reporting alleged abuse,
or any person participating in the investigation, the court may order the
documents to be disclosed.  Tex. Fam. Code Ann. § 261.201(b).  The statute does not require the trial court
to make specific findings either that the disclosure of the records is “essential
to the administration of justice” or that disclosure is “not likely to endanger”
the persons listed in the statute.  See id.  Absent such a specific requirement, we will
not impose one.  A trial court is
presumed to know the law[6]
and a recitation of what the law requires the trial court to consider in
exercising its discretion is not necessary.  Further, there is no evidence in the record
that the disclosure of the DFPS records would endanger the life or safety of
the child, a person reporting alleged abuse, or any person involved in the
abuse investigation. 

            We deny the petition for writ of mandamus.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          May
4, 2010

Date Decided:             May
5, 2010

 











[1]Relators
renewed their motion for a protective order precluding the production of the
DFPS materials.

 





[2]About
that time, the trial judge, the Honorable Bonnie Leggat Hagan, retired and was
succeeded by the Honorable William Todd Hughey. 






[3]This
term is not defined by statute.

 





[4]Section
261.201(b) also requires that a motion has been filed with the court requesting
the release of the information and a notice of hearing has been served on the
investigating agency and all other interested parties.  Here, the parties do not dispute that a
motion was filed seeking the release of the DFPS records, that a proper notice
was given to the investigating agency and all interested parties, and that a
hearing was held to determine whether or not, and to what extent, the DFPS
records should be disclosed.

 





[5]This
opinion relates to the discoverability of the DFPS records under Section
261.201 of the Texas Family Code and should not be construed as a ruling or
opinion regarding the admissibility of any portion of the DFPS records. 





[6]Hurst v. Travelers Ins. Co., 353 S.W.2d
60, 64 (Tex. Civ. App.––El Paso 1961, no writ).