

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00239-CR

_____

ROSS MCMORRIS, III, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 3rd Judicial District Court
Anderson County, Texas
Trial Court No. 29030

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Ross McMorris, III, has appealed from his jury convictions of possession of cocaine with intent to deliver (a first degree felony) and possession of marihuana (a state jail felony). The jury assessed punishment at twenty-five years' and two years' incarceration, respectively.[1]

On appeal, McMorris contends that his sentences are disproportionate to the crimes, citing, among other cases, *Harmelin v. Michigan*, 501 U.S. 957 (1991), *Solem v. Helm*, 463 U.S. 277 (1983), and *Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd). To preserve such a complaint for appellate review, McMorris must have presented to the trial court a timely request, objection, or motion that stated the specific grounds for the desired ruling, or the complaint must be apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1); *Harrison v. State*, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005); *Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.) (claims of cruel and unusual punishment must be presented in timely manner); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (failure to complain to trial court that sentences were cruel and unusual waived claim or error for appellate review). We have reviewed the records of the trial proceeding. No relevant request, objection, or motion was made. And, while this Court has held that a motion for new trial is an appropriate way to preserve this type of claim for review (*see Williamson v. State*, 175

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.), and *Delacruz v. State*, 167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.)), no motion for new trial was filed.   McMorris has not preserved such an issue for appeal.

However, even absent waiver,[2] we conclude that McMorris' sentence was not grossly disproportionate.   Texas courts have traditionally held that as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual.   *See, e.g.*, *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973).   Here, McMorris' sentences fall within the applicable ranges of "imprisonment . . . for life or for any term of not more than 99 years or less than 5 years" for a first degree felony and "not more than two years or less than 180 days" for a state jail felony.   *See* TEX. PENAL CODE ANN. §§ 12.32, 12.35 (Vernon Supp. 2010).

Even when a sentence is within the proper punishment range, a prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution.   U.S. CONST. amend. VIII; *see Solem v. Helm*, 463 U.S. 277, 290 (1983); *Harmelin*, 501 U.S. 957; *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.); *Lackey v. State*, 881 S.W.2d 418, 420–21 (Tex. App.—Dallas 1994, pet. ref'd); *see also Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as involving a "very limited, 'exceedingly rare,' and somewhat amorphous" review).

---

[2]*See Faizon v. State*, No. 12-05-00353-CR, 2006 WL 1918482, at *3 (Tex. App.—Tyler July 12, 2006, no pet.) (mem. op., not designated for publication).

*Solem* had suggested, as a three-part test, that an appellate court consider: (1) the gravity of the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *See Solem*, 463 U.S. at 292. *Harmelin* at least raised questions about the viability of the *Solem* three-part test. In fact, it was subsequently held that proportionality survived *Harmelin*, but that the *Solem* three-part test did not. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Lackey*, 881 S.W.2d at 420–21. In light of *Harmelin*, the test has been reformulated as an initial threshold comparison of the gravity of the offense with the severity of the sentence; and then, only if that initial comparison created an inference that the sentence was grossly disproportionate to the offense should there be a consideration of the other two *Solem* factors—sentences for similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. *McGruder*, 954 F.2d at 316; *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.); *Lackey*, 881 S.W.2d at 420–21.

We do not believe the sentence was grossly disproportionate to the gravity of the offense, but even if it was, there is no evidence in the record from which we could compare McMorris' sentence to the sentences imposed on other persons in Texas or on persons in other jurisdictions who committed a similar offense. *See Latham v. State*, 20 S.W.3d 63, 69 (Tex. App.—Texarkana 2000, pet. ref'd); *Davis*, 905 S.W.2d at 664–65. Without such evidence, the record before us does not support McMorris' claim of demonstrable error. *Cf. Jackson*, 989 S.W.2d at 846 ("there is no

evidence in the record reflecting sentences imposed for similar offenses on criminals in Texas or other jurisdictions by which to make a comparison").

There being no other issues before us, we affirm the trial court's judgment.


Jack Carter
Justice

Date Submitted:      September 14, 2010
Date Decided:        September 15, 2010

Do Not Publish