**Gladi Gutierrez DELACRUZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–04–00123–CR.

Court of Appeals of Texas, Texarkana.

Submitted May 18, 2005.

Decided June 22, 2005.

Alex Tyra, Law Office of Alex Tyra, Longview, for appellant.

Ray Bowman, Asst. Dist. Atty., Longview, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

Gladis Gutierrez Delacruz appeals from her conviction by a jury for driving while intoxicated while the vehicle was occupied by a passenger younger than fifteen years of age. The jury assessed punishment at six months' incarceration in a state jail facility. The trial court declined to place Delacruz on community supervision. On appeal, Delacruz contends the sentence imposed is disproportionate to the offense.[1]

■ We first look to see if the issue has been preserved for review. Delacruz did not object to the sentence on the ground it was disproportionate to the crime, or on any other ground, at the time it was imposed. However, the motion for new trial contains a contention that the sentence was disproportionate to the offense. To preserve a complaint for appellate review, an appellant must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. TEX.R.APP. P. 33.1(a)(1)(A); *Rhoades v. State*, 934 S.W.2d 113, 119 (Tex.Crim.App.1996). This Court has held that a defendant is required to raise a disproportionality objection in a timely manner. *Hookie v. State*, 136 S.W.3d 671, 679 (Tex.App.-Texarkana 2004, no pet.); *Jackson v. State*, 989 S.W.2d 842, 845 (Tex. App.-Texarkana 1999, no pet.).[2]

---

1. The punishment was for a state jail felony, which carries a range of 180 days to two years' confinement, and a fine not to exceed $10,000.00. Delacruz was sentenced to six months' confinement and a fine of $100.00.

See TEX. PEN.CODE ANN. § 12.35(a) (Vernon 2003), § 49.045 (Vernon Supp.2004–2005).

2. Although we have stated in other opinions that our opinion in *Jackson* required the objection to be made at the time sentence is

Texas courts have traditionally held that, as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *See, e.g., Jordan v. State,* 495 S.W.2d 949, 952 (Tex. Crim.App.1973). However, in *Jackson,* 989 S.W.2d at 845, we recognized that a prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution apart from any consideration of whether the punishment assessed is within the range established by the Legislature. *See also Fluellen v. State,* 71 S.W.3d 870, 873 (Tex.App.-Texarkana 2002, pet. ref'd).

As we set out in *Alberto v. State,* 100 S.W.3d 528, 530 (Tex.App.-Texarkana 2003, no pet.), our proportionality analysis is guided by (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *See Solem v. Helm,* 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Only if we find that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to sentences for similar crimes in the same jurisdiction and to sentences for the same crime in other jurisdictions. *Alberto,* 100 S.W.3d at 530.

Here, the sentence imposed is practically, the minimum. We cannot say that the sentence is grossly disproportionate to the offense. Further, there is no evidence in the record comparing this sentence with others in the same jurisdiction for this offense, or those imposed on defendants in other jurisdictions who committed a similar offense. *See id.* For all of those reasons, disproportionate sentencing has not been shown.

We affirm the judgment.

imposed, that is not a precise rendering of our holding in that case. *Compare Rodriguez v. State,* 71 S.W.3d 778, 779 (Tex.App.-Texarkana 2002, no pet.); *Smith v. State,* 10 S.W.3d 48, 49 (Tex.App.-Texarkana 1999, no pet.); *see also Quintana v. State,* 777 S.W.2d 474, 479 (Tex.App.-Corpus Christi 1989, pet. ref'd) (where appellant does not raise issue of cruel and unusual punishment in punishment hearing or motion for new trial, the argument is waived). We require the objection to be made in a timely fashion, and we find that a motion for new trial, in this context, is an appropriate way to preserve the claim for review.