In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00201-CR
______________________________


NORMAN EARL MCMILLIAN, II, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 05-0213X


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Norman Earl McMillian, II, appeals from the revocation of his community supervision. On
July 1, 2005, McMillian pled guilty for the offense of injury to an elderly individual and assault on
a public servant. The trial court assessed a ten-year sentence, but suspended it and placed McMillian
on five years' community supervision. On August 18, 2005, the trial court revoked his community
supervision for violating its terms for assaulting a family member, and sentenced McMillian to seven
years' imprisonment. McMillian's sole issue on appeal is that his sentence was disproportionate to
the offense committed.
Â Â Â Â Â Â Â Â Â Â Â Â We evaluate a claim of disproportionate sentencing under the standards enumerated in Solem
v. Helm, 463 U.S. 277, 292 (1983), as modified in Harmelin v. Michigan, 501 U.S. 957 (1991). We
initially make a threshold comparison of the gravity of the offense against the severity of the
sentence, and then consider whether the sentence is grossly disproportionate to the offense. See
Jackson v. State, 989 S.W.2d 842, 846 (Tex. App.âTexarkana 1999, no pet.); see also Harmelin,
501 U.S. at 1005 (Kennedy, J., concurring). Only if we find that the sentence is grossly
disproportionate to the offense will we compare the sentence received to sentences for similar crimes
in the same jurisdiction and to sentences for the same crime in other jurisdictions. Jackson, 989
S.W.2d at 846; Davis v. State, 125 S.W.3d 734, 736 (Tex. App.âTexarkana 2003, no pet.).
Â Â Â Â Â Â Â Â Â Â Â Â McMillian did not object to the sentence on the basis that it was disproportionate during the
revocation hearing or in a motion for new trial. To preserve a complaint for appellate review, an
appellant must have presented to the trial court a timely request, objection, or motion stating the
specific grounds for the ruling desired. Tex. R. App. P. 33.1(a)(1)(A); Rhoades v. State, 934 S.W.2d
113, 119 (Tex. Crim. App. 1996). A defendant is required to raise a disproportionality objection in
a timely manner. Delacruz v. State, 167 S.W.3d 904, 905 (Tex. App.âTexarkana 2005, no pet.);
Hookie v. State, 136 S.W.3d 671 (Tex. App.âTexarkana 2004, no pet.); Jackson, 989 at 845. 
McMillian has failed to preserve error for appellate review. 
Â Â Â Â Â Â Â Â Â Â Â Â Even if error had been preserved, McMillian has failed to show that his sentence is
disproportionate. The sentence of seven years was within the range authorized by statute. 
McMillian was placed on community supervision for two acts of violence: injury to an elderly
person and assault on a public servant. McMillian's community supervision was revoked for acts
of violence committed against a family member. We cannot say the severity of a seven-year
sentence is grossly disproportionate to the gravity of these crimes. Further, there is no evidence in
the record comparing the sentence with the sentences imposed against other defendants in this or
other jurisdictions who committed a similar offense. See Alberto v. State, 100 S.W.3d 528, 530
(Tex. App.âTexarkana 2003, no pet.); Delacruz, 167 S.W.3d at 906.
Â Â Â Â Â Â Â Â Â Â Â Â We overrule McMillian's sole point of error and affirm the judgment of the trial court.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â November 7, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â November 8, 2005

Do Not Publish



more complete account of the case's background, including Hicks' conviction and his
earlier acquittal on two other counts, please see our original opinion. See Hicks v. State, 183 S.W.3d
869 (Tex. App.--Texarkana 2006), rev'd & remanded, 241 S.W.3d 543 (Tex. Crim. App. 2007).
2. The party-goers' ages ranged from late teens to early twenties.
3. The definition of "care, custody, or control" in subsection (d) requires a finding that the
evidence was insufficient to sustain Hicks' conviction. The statute's language sets a very high
threshold to establish when care, custody or control have been assumed. Subsection (d) says that
"the actor has assumed care, custody, or control" of a certain individual by acting or speaking so as
"to cause a reasonable person to conclude that he has accepted responsibility for protection, food,
shelter, and medical care" for that individual. Tex. Penal Code Ann. § 22.04(d) (emphasis added). 
As earlier presented to the Texas House, the language which ultimately became subsection (d) listed
matters comprising evidence of care, custody or control in the disjunctive, providing that care,
custody, or control has been assumed if the words or conduct would allow a reasonable person to
conclude "that the actor has accepted responsibility for protection, clothing, food, shelter, or medical
care" for the vulnerable individual. See Tex. H.B. 1510, 71st Leg., R.S. (1989) (emphasis added).