In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00110-CR


______________________________




RAMON SILVA SANCHEZ, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 413th Judicial District Court


Johnson County, Texas


Trial Court No. F40105




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Ramon Silva Sanchez attempts to appeal his conviction in trial court number F40105. (1)

 A notice of appeal was filed May 30, 2007, and the reporter's record was filed June 29, 2007. 
We dismiss Sanchez' appeal for want of jurisdiction.

 The trial court filed a certification, in accordance with Rule 25.2(a)(2), that this case "is a
plea-bargain case, and the defendant has NO right of appeal." The certification also states that "the
defendant has waived the right of appeal." Rule 25.2(a)(2) states, in pertinent part: 

 (2) . . . A defendant in a criminal case has the right of appeal under Code of
Criminal Procedure article 44.02 and these rules. The trial court shall enter a
certification of the defendant's right of appeal each time it enters a judgment of guilt
or other appealable order.


Tex. R. App. P. 25.2(a)(2). If a certification showing that the defendant has the right of appeal is not
made a part of the appellate record, we must dismiss the case unless the record affirmatively
indicates that an appellant may have the right of appeal. Tex. R. App. P. 25.2(d); see Greenwell v.
Court of Appeals for Thirteenth Judicial Dist., 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); Dears
v. State, 154 S.W.3d 610, 612 (Tex. Crim. App. 2005). We have examined the record that exists to
determine whether the trial court's certification is defective. See Greenwell, 159 S.W.3d at 649;
Dears, 154 S.W.3d at 613. Nothing in the record indicates the certification is defective. This Court
lacks jurisdiction over this appeal. 

 We dismiss the appeal for want of jurisdiction.



 Jack Carter

 Justice


Date Submitted: July 16, 2007

Date Decided: July 17, 2007


Do Not Publish

1. This is an appeal transferred to this Court from the Tenth Court of Appeals by order of the
Texas Supreme Court.


hat the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Dunn, 997 S.W.2d at 892; Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has
been reformulated as an initial threshold comparison of the gravity of the offense with the severity
of the sentence, and then, only if that initial comparison created an inference that the sentence was
grossly disproportionate to the offense should there be a consideration of the other two Solem
factors--(1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same
crime in other jurisdictions. McGruder, 954 F.2d at 316; Mullins v. State, No. 06-06-00044-CR,
2006 Tex. App. LEXIS 10072, at *3 (Tex. App.--Texarkana Nov. 21, 2006, no pet. h.); Dunn, 997
S.W.2d at 892; Lackey, 881 S.W.2d at 420-21. 

 Grimes's sentence is eighteen months' confinement; the range for a state-jail felony is 180
days' to two years' imprisonment. This range has been determined by the Legislature to constitute
appropriate punishment for this type of crime. Nothing in this record demonstrates or raises an
inference that this sentence was grossly disproportionate to this offense. (2) Grimes has failed to show
her sentence was constitutionally disproportionate to the offense for which she was convicted. Her
sole contention is overruled.

 We affirm the judgment of the trial court.



 Jack Carter

 Justice


Date Submitted: February 1, 2007

Date Decided: February 2, 2007


Do Not Publish

1. Grimes did not object to the sentence on the ground it was disproportionate to the crime, or
on any other ground, at the time it was imposed. Her motion for new trial, however, contains a
contention that the sentence was disproportionate to the offense. A motion for new trial is an
appropriate way to preserve this type of claim for review. See Williamson v. State, 175 S.W.3d 522,
523-24 (Tex. App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904 (Tex.
App.--Texarkana 2005, no pet.).
2. Even if there had been an inference raised that this sentence was grossly disproportionate,
this record contains no evidence comparing this sentence with others in the same jurisdiction for this
offense, or those imposed on defendants in other jurisdictions who committed a similar offense. See
Delacruz, 167 S.W.3d at 906.