In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00129-CR


______________________________




CARLA NEVIL RANSOM, a/k/a


CARLA NEVIL RANSOM KECK, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 354th Judicial District Court


Hunt County, Texas


Trial Court No. 23374




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Carla Nevil Ransom, a/k/a Carla Nevil Ransom Keck, has filed a notice of appeal from the
adjudication of her guilt of possession of a controlled substance (methamphetamine, in an amount
of less than one gram). On our review of the clerk's record, we noted that the trial court's
certification of right of appeal stated that this was a plea agreement case and that Ransom has no
right of appeal. 

 Unless a certification, showing that a defendant has the right of appeal, is in the record, we
must dismiss the appeal. See Tex. R. App. P. 25.2(d). 

 We sent a letter to Ransom's counsel, informing him of the defect in the record and
requesting counsel to show this Court how we had jurisdiction over the appeal. Counsel has now
verified that this was a plea agreement case. 

 Because the trial court's certification affirmatively shows Ransom has no right of appeal,
because Ransom's counsel has verified that this was a plea bargain case, and because the record
before us does not reflect that the certification is incorrect, see Dears v. State, 154 S.W.3d 610, 615
(Tex. Crim. App. 2005), we must dismiss the appeal.


 We dismiss the appeal for want of jurisdiction. 



 Bailey C. Moseley

 Justice



Date Submitted: July 14, 2009

Date Decided: July 15, 2009


Do Not Publish




factors--(1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same
crime in other jurisdictions. McGruder, 954 F.2d at 316; Dunn, 997 S.W.2d at 892; Lackey, 881
S.W.2d at 420-21.

 Mullins' sentence falls in the middle of the two-to-ten year range--a range determined by the
Legislature to constitute appropriate punishment for this type of crime. Nothing in this record
demonstrates or raises an inference that this sentence was grossly disproportionate to this offense. 
For the criminal justice system to work when criminal defendants are free on bail, there must be
some sanction for bail jumping. When the crime for which the defendant is to appear is more
serious--in this case a felony--the sanction for jumping bail for that crime is legitimately greater. (3) 
Mullins has failed to show that his sentence was constitutionally disproportionate to the offense for
which he was convicted. His sole contention is overruled.

 We affirm the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 20, 2006

Date Decided: November 21, 2006


Publish


1. Mullins' underlying charge for which he was to appear was aggravated assault with a deadly
weapon, a felony. See Tex. Penal Code Ann. § 22.02 (Vernon Supp. 2006). 
2. Mullins did not object to the sentence on the ground it was disproportionate to the crime,
or on any other ground, at the time it was imposed. His motion for new trial, however, contains a
contention that the sentence was disproportionate to the offense. A motion for new trial is an
appropriate way to preserve this type of claim for review. See Williamson v. State, 175 S.W.3d 522,
523-24 (Tex. App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904 (Tex.
App.--Texarkana 2005, no pet.).
3. Even if there had been an inference raised that this sentence was grossly disproportionate,
this record contains no evidence comparing this sentence with others in the same jurisdiction for this
offense, or those imposed on defendants in other jurisdictions who committed a similar offense. See
Delacruz, 167 S.W.3d at 906.