**Opinion filed April 21, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00347-CR

_____

## HENRY ANTHONY VELA, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR35699**

### M E M O R A N D U M   O P I N I O N

Henry Anthony Vela pleaded guilty to aggravated assault. The trial court assessed punishment at fifteen years confinement. We affirm.

### I. *Background*

At the time of the assault, Vela was seventeen years old. He had been going out with Holly Maldonado since he was fifteen years old, and the two had a child together. The evening before the assault, Vela received a telephone call from Maldonado's sister telling him that Maldonado was seeing someone else. The next morning, Vela walked approximately two miles

to Maldonado's residence. He picked up an eight-inch metal pipe from a field along the way. When he arrived, he saw Maldonado and Roy Ramirez sleeping on a couch. Vela then beat Ramirez in the head with the metal pipe. Vela left the residence, discarding the pipe in a field. He reported to work, where he was arrested by police.

Detective Sheldon Johnson of the Midland Police Department was on duty January 15, 2009, when he was dispatched to Maldonado's residence. Both Maldonado and Ramirez had already been transported to Midland Memorial Hospital. Johnson testified that there was a large amount of blood on the couch. The suspect was determined to be Vela. When police located Vela, he told them what had happened. Vela was cooperative with police and attempted to help them locate the metal pipe. Vela expressed remorse for what had happened.

Dr. John Kyle Dorman, a neurosurgeon at Midland Memorial Hospital, treated Ramirez. When Dr. Dorman arrived, Ramirez had a breathing tube, his head was bandaged, and he was on a stretcher. His injuries were life threatening. Ramirez had multiple lacerations about his scalp. He had a depressed skull fracture, and multiple fragments of bone had penetrated into his brain. When brought to the operating room, Ramirez was comatose. Dr. Dorman had to perform a craniotomy, during which he removed the bone fragments and part of the brain that had been injured and then closed the defect with a titanium mesh. In Dr. Dorman's opinion, this was a significant brain injury, to which Ramirez would have succumbed without medical intervention. At the time of the punishment hearing, Ramirez was still on disability as a result of the assault.

During the punishment hearing, Vela asked the trial court for deferred adjudication. He assured the trial court that he had no prior felonies, although he admitted that he did have misdemeanors for DWI and evading arrest. He told the trial court that both of his parents were incarcerated and that he was raised by his grandparents. He dropped out of school in the eighth grade in order to get a job and help his grandparents, who were struggling. He initially worked at a mobile car wash, then at landscaping, and later for a bricklaying company. Vela was fifteen years old and Maldonado was twenty-one years old when they began going out. Vela was sixteen years old when their child was born. Vela told the trial court that he was sorry for Ramirez. He expressed the hope that, if he received deferred adjudication, he would get a GED and a job. Vela acknowledged that he needed to work on anger management and that he needed counseling and parenting classes. He told the trial court that he wanted to do community service and pay restitution to Ramirez.

## II. *Issue*

In his sole issue on appeal, Vela argues that his punishment was excessive and grossly disproportionate to the offense.

## III. *Discussion*

The offense of aggravated assault is a second degree felony punishable by a term of imprisonment of not more than twenty years or less than two years. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 22.02(b) (Vernon Supp. 2010). The trial court assessed punishment at fifteen years confinement.

Vela acknowledges that punishment assessed within a statutory limit is generally not excessive, cruel, or unusual punishment and that his punishment was within the statutory limit. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd). Texas courts have found that a prohibition against grossly disproportionate sentences survives under the Federal Constitution apart from any consideration of whether the punishment assessed is within the statute's range. *Delacruz v. State*, 167 S.W.3d 904, 906 (Tex. App.—Texarkana 2005, no pet.).

Texas courts have followed the Fifth Circuit's analysis for addressing Eighth Amendment proportionality complaints. *McGruder v. Puckett*, 954 F.2d 313 (5th Cir. 1992). This requires that we first conduct a threshold comparison of the gravity of the offense underlying the current conviction, as well as the offense underlying any prior conviction, against the severity of the sentence. *Id*. at 316. The test is whether the sentence is grossly disproportionate to the gravity of the offenses upon which the sentences are based. *Winchester v. State*, 246 S.W.3d 386, 390 (Tex. App.—Amarillo 2008, pet. ref'd). We consider the gravity of the offense in light of the harm caused or threatened to the victim or society and the culpability of the offender. *Solem v. Helm*, 463 U.S. 277, 291, 292 (1983).

Vela argues that his sentence is grossly disproportionate considering his difficult childhood, his limited criminal history, his cooperation with police after his arrest, and his desire to atone for his crime. Even considering these facts, however, the record does not reflect that the punishment was grossly disproportionate. Vela's assault on Ramirez was severe. At the punishment hearing, there was testimony that Vela beat Ramirez on the head with an eight-inch metal pipe. The assault resulted in a depressed skull fracture and sent fragments of bone into Ramirez's brain. A craniotomy was required to remove these fragments and close the defect in his skull. Without medical intervention, Ramirez would have succumbed to his injuries.

Because of the assault, he was still on disability at the time of the punishment hearing. Moreover, the punishment assessed was within the statutory range. *See* Sections 12.33(a), 22.02(b); *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (a penalty assessed within the statutory range of punishment established by the legislature generally will not be disturbed on appeal). The punishment was not excessive or grossly disproportionate. The issue is overruled.

## IV. *Conclusion*

The judgment of the trial court is affirmed.

PER CURIAM

April 21, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[1]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.