Opinion filed April 21,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00347-CR

                                                    __________

 

                              HENRY ANTHONY VELA, Appellant

 

                                                             V.

 

                                      STATE OF TEXAS, Appellee



 

                                   On
Appeal from the 385th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR35699

 



 

M
E M O R A N D U M   O P I N I O N

Henry
Anthony Vela pleaded guilty to aggravated assault.  The trial court assessed
punishment at fifteen years confinement.  We affirm.

I.  Background

At
the time of the assault, Vela was seventeen years old.  He had been going out
with Holly Maldonado since he was fifteen years old, and the two had a child
together.  The evening before the assault, Vela received a telephone call from
Maldonado’s sister telling him that Maldonado was seeing someone else.  The
next morning, Vela walked approximately two miles to Maldonado’s residence.  He
picked up an eight-inch metal pipe from a field along the way.  When he
arrived, he saw Maldonado and Roy Ramirez sleeping on a couch.  Vela then beat
Ramirez in the head with the metal pipe.  Vela left the residence, discarding
the pipe in a field.  He reported to work, where he was arrested by police.

Detective
Sheldon Johnson of the Midland Police Department was on duty January 15, 2009,
when he was dispatched to Maldonado’s residence.  Both Maldonado and Ramirez
had already been transported to Midland Memorial Hospital.  Johnson testified
that there was a large amount of blood on the couch.  The suspect was
determined to be Vela.  When police located Vela, he told them what had
happened.  Vela was cooperative with police and attempted to help them locate
the metal pipe.  Vela expressed remorse for what had happened.

Dr.
John Kyle Dorman, a neurosurgeon at Midland Memorial Hospital, treated
Ramirez.  When Dr. Dorman arrived, Ramirez had a breathing tube, his head was
bandaged, and he was on a stretcher.  His injuries were life threatening.  Ramirez
had multiple lacerations about his scalp.  He had a depressed skull fracture,
and multiple fragments of bone had penetrated into his brain. When brought to
the operating room, Ramirez was comatose.  Dr. Dorman had to perform a
craniotomy, during which he removed the bone fragments and part of the brain
that had been injured and then closed the defect with a titanium mesh.  In Dr. Dorman’s
opinion, this was a significant brain injury, to which Ramirez would have
succumbed without medical intervention.  At the time of the punishment hearing,
Ramirez was still on disability as a result of the assault.

During
the punishment hearing, Vela asked the trial court for deferred adjudication.  He
assured the trial court that he had no prior felonies, although he admitted
that he did have misdemeanors for DWI and evading arrest.  He told the trial
court that both of his parents were incarcerated and that he was raised by his
grandparents.  He dropped out of school in the eighth grade in order to get a
job and help his grandparents, who were struggling.  He initially worked at a
mobile car wash, then at landscaping, and later for a bricklaying company. 
Vela was fifteen years old and Maldonado was twenty-one years old when they
began going out.  Vela was sixteen years old when their child was born.  Vela
told the trial court that he was sorry for Ramirez.  He expressed the hope that,
if he received deferred adjudication, he would get a GED and a job.  Vela
acknowledged that he needed to work on anger management and that he needed
counseling and parenting classes.  He told the trial court that he wanted to do
community service and pay restitution to Ramirez.

II. 
Issue

            In
his sole issue on appeal, Vela argues that his punishment was excessive and
grossly disproportionate to the offense.

III. 
Discussion

The
offense of aggravated assault is a second degree felony punishable by a term of
imprisonment of not more than twenty years or less than two years.  See Tex. Penal Code Ann. §§ 12.33(a),
22.02(b) (Vernon Supp. 2010).  The trial court assessed punishment at fifteen
years confinement.

Vela
acknowledges that punishment assessed within a statutory limit is generally not
excessive, cruel, or unusual punishment and that his punishment was within the
statutory limit.  Kirk v. State, 949 S.W.2d 769, 772 (Tex. App.—Dallas
1997, pet. ref’d).  Texas courts have found that a prohibition against grossly
disproportionate sentences survives under the Federal Constitution apart from
any consideration of whether the punishment assessed is within the statute’s
range.  Delacruz v. State, 167 S.W.3d 904, 906 (Tex. App.—Texarkana
2005, no pet.).  

Texas
courts have followed the Fifth Circuit’s analysis for addressing Eighth
Amendment proportionality complaints.  McGruder v. Puckett, 954 F.2d 313
(5th Cir. 1992).  This requires that we first conduct a threshold comparison of
the gravity of the offense underlying the current conviction, as well as the
offense underlying any prior conviction, against the severity of the sentence. 
Id. at 316.  The test is whether the sentence is grossly
disproportionate to the gravity of the offenses upon which the sentences are
based.  Winchester v. State, 246 S.W.3d 386, 390 (Tex. App.—Amarillo
2008, pet. ref’d).  We consider the gravity of the offense in light of the harm
caused or threatened to the victim or society and the culpability of the
offender.  Solem v. Helm, 463 U.S. 277, 291, 292 (1983).  

Vela
argues that his sentence is grossly disproportionate considering his difficult
childhood, his limited criminal history, his cooperation with police after his
arrest, and his desire to atone for his crime.  Even considering these facts,
however, the record does not reflect that the punishment was grossly
disproportionate.  Vela’s assault on Ramirez was severe.  At the punishment
hearing, there was testimony that Vela beat Ramirez on the head with an
eight-inch metal pipe.  The assault resulted in a depressed skull fracture and
sent fragments of bone into Ramirez’s brain.  A craniotomy was required to
remove these fragments and close the defect in his skull.  Without medical intervention,
Ramirez would have succumbed to his injuries.  Because of the assault, he was still
on disability at the time of the punishment hearing.  Moreover, the punishment
assessed was within the statutory range.  See Sections 12.33(a),
22.02(b); Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)
(a penalty assessed within the statutory range of punishment established by the
legislature generally will not be disturbed on appeal).  The punishment was not
excessive or grossly disproportionate.  The issue is overruled. 

IV. 
Conclusion

The
judgment of the trial court is affirmed.     

 

                                                                                    PER
CURIAM

 

April 21, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[1]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.