ACCEPTED
02-15-00032-CR
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
5/5/2015 3:00:03 PM
DEBRA SPISAK
CLERK

NO. 02-15-00032-CR

IN THE COURT OF APPEALS
FOR THE SECOND DISTRICT OF TEXAS
FORT WORTH, TEXAS

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
5/5/2015 3:00:03 PM
DEBRA SPISAK
Clerk

ROBERT GONZALES

v.

THE STATE OF TEXAS

APPEALING THE TRIAL COURT'S JUDGMENT
IN CAUSE NUMBER 1351979D
FROM THE 396TH DISTRICT COURT OF
TARRANT COUNTY, TEXAS
HON. GEORGE GALLAGHER, PRESIDING JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# APPELLANT'S BRIEF
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RICHARD A. HENDERSON
RICHARD A. HENDERSON, P.C.
100 THROCKMORTON STREET, SUITE 540
FORT WORTH, TEXAS 76102
(817) 332-9602
(817) 335-3940 *fax*
State Bar No. 09427100
*richard@rahenderson.com*
ATTORNEY FOR APPELLANT

**Oral Argument Requested**

# TABLE OF CONTENTS

Table of Contents ........................................................................................... i

List of Interested Parties................................................................................ ii

Index of Authorities....................................................................................... iii

Issues Presented............................................................................................. iv

Issue for Review No. 1:
THE TRIAL COURT ABUSED ITS DISCRETION AND ASSESSED CRUEL
AND UNUSUAL PUNISHMENT BY SENTENCING APPELLANT TO
EIGHTEEN (18)  YEARS IN THE INSTITUTIONAL DIVISION OF THE
TEXAS DEPARTMENT OF CRIMINAL JUSTICE............................................. iv

Statement of the Case .................................................................................... 1

Summary of the Facts of the Case.................................................................. 2

Summary of Argument.................................................................................... 2

Arguments and Authorities ............................................................................ 3

Issue for Review No. 1:  (Restated)
THE TRIAL COURT ABUSED ITS DISCRETION AND ASSESSED CRUEL
AND UNUSUAL PUNISHMENT BY SENTENCING APPELLANT TO
EIGHTEEN (18)  YEARS IN THE INSTITUTIONAL DIVISION OF THE
TEXAS DEPARTMENT OF CRIMINAL JUSTICE............................................. 3

Prayer............................................................................................................. 4

Certificate of Compliance .............................................................................. 5

Certificate of Service...................................................................................... 6

# LIST OF INTERESTED PARTIES

**Robert Gonzales**
TDCJ 1978388
Formby Unit
998 CR AA
Plainview, Texas 79072
**Appellant**

**Ms. Debra Windsor,**
Assistant Criminal District Attorney
Post-Conviction
**Jim Hudson**
**Tracey Kapsidelis**
Assistant Criminal District Attorneys
District Attorney's Office
401 West Belknap
Fort Worth, Texas 76196-0201
**Sharen Wilson,**
Criminal District Attorney
Tarrant County, Texas
**Attorneys for the State**

**Abe Factor**
6211 Airport Freeway
Fort Worth, Texas 76117
**Trial Attorney**

Richard A. Henderson
Richard A. Henderson, P.C.
100 Throckmorton Street, Suite 540
Fort Worth, Texas 76102
**Attorney for Appellant**

# INDEX OF AUTHORITIES

## CASES:

*Acosta v. State,* 160 S.W.3d 204; (Tex App—Ft. Worth 2005-no pet.) .................... 4

*Calhoun v. State,* 214 S.W.335 (Tex. Crim. App. 1919) ......................................... 4

*Delacruz v. State,* 167 S.W.3d 904 (Tex. App.—Texarkana 2005) ........................... 4

*Harmelin v. Michigan,* 501 U.S. 957 (1991) ......................................................... 4

*Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim. App. 1973) ................................. 4

*McGruder v. Puckett,* 954 F2d 316 (5th Cir.)
         cert denied 506 U.S. 849 (1992) ................................................................ 4

## Codes:

Texas Code of Criminal Procedure 42.12 3(g) (2) (b) .............................................. 3

## Constitutions:

8th Amendment of the United States Constitution ................................................. 4

Article 1 Section 13 of the Texas Constitution ....................................................... 4

## ISSUES PRESENTED

## ISSUE FOR REVIEW NO. ONE

THE TRIAL COURT ABUSED ITS DISCRETION AND ASSESSED CRUEL AND UNUSUAL PUNISHMENT BY SENTENCING APPELLANT TO EIGHTEEN (18) YEARS IN THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE.

# IN THE COURT OF APPEALS FOR THE
## SECOND DISTRICT OF TEXAS
## FORT WORTH

ROBERT GONZALES,        §
       APPELLANT        §

       §

V.        §     **NO. 02-15-00032-CR**

       §

THE STATE OF TEXAS,        §
       APPELLEE

*APPEALED FROM CAUSE NUMBER 1351979D*
*FROM THE 396TH DISTRICT COURT OF*
*TARRANT COUNTY, TEXAS*
*THE HONORABLE, GEORGE GALLAGHER, JUDGE PRESIDING*

## TO THE HONORABLE COURT OF APPEALS:

## STATEMENT OF THE CASE

This is an appeal (CR 54-55) from an open plea of guilty to the trial court (CR 38-46) for arson with intent to damage a habitation. (CR 49-51). A pre-sentence investigation was ordered by the court. (CR 47-48). A punishment hearing was held on January 26, 2015 (RR volume 2). The trial court sentenced Appellant to eighteen (18) years in the Institutional Division of the Texas Department of Criminal Justice with a deadly weapon finding, specifically, a combustible or flammable liquid. (CR 49-51 RR2:100).

1

## SUMMARY OF THE FACTS OF THE CASE

On December 3, 2013 at approximately 6:15 a.m., Shane Bradshaw and companion, Akita McGowan were asleep at their residence at 3437 Nies Street in Fort Worth, Texas. Akita was awakened by hearing a banging on the Plexiglas windows of the bedroom and by the head board of their bed being pushed from the window from the outside. Akita then heard the spilling of a liquid and smelled gasoline. As she was trying to awaken Shane, the bedroom became engulfed in flames. They escaped uninjured but most of the house was burned severely and most of their personal property was damaged or destroyed. Akita owned three cats, two cats escaped and one died of smoke inhalation. (RR2: 41-51).

Appellant was observed fleeing the scene by surveillance camera from the home. Police and fire department investigators searched the home of Appellant who lived next door. Gasoline was discovered on his clothes. Appellant admitted the offense and pleaded guilty to it. (CR- PSI 2-5).

## SUMMARY OF ARGUMENT

It was an abuse of discretion and the punishment of eighteen (18) years on the arson with intent to damage a habitation charge constitutes cruel and unusual punishment inflicted on Appellant by the trial court.

2

## ARGUMENTS AND AUTHORITIES

## ISSUE FOR REVIEW NO. ONE (RESTATED)

THE TRIAL COURT ABUSED ITS DISCRETION AND ASSESSED CRUEL AND UNUSUAL PUNISHMENT BY SENTENCING APPELLANT TO EIGHTEEN (18) YEARS IN THE INSTITUTIONAL DIVISION OF THE TESAS DEPARTMENT OF CRIMINAL JUSTICE.

A Pre-Sentence Investigation (PSI) was prepared. The PSI states Appellant's age to be thirty-four (34). The sentence is also an aggravated sentence meaning Appellant will have to serve half of the sentence, nine years, before he is eligible for parole under Texas Code of Criminal Procedure 42.12 3(g) (2) (b).

An eighteen (18) year sentence for a person this young (age 34) is severe and harsh punishment. Appellant believes it is cruel and unusual and disproportionate even if the punishment is within the punishment range allowed by law.

Appellant presented evidence from his family in which it was shown he accepts responsibility for his crime (RR2: 73-75).

Raymond Escobar Jr. testified that both Appellant and Appellant's father work for Escobar's company and that Appellant is a diligent and good worker who can work on jobs without supervision. (RR2: 83-85).

3

Appellant believes his punishment of eighteen (18) years is cruel and unusual and disproportionate and violates both the 8th Amendment of the United States Constitution and Article 1 Section 13 of the Texas Constitution, *Calhoun v. State*, 214 S.W.335 (Tex. Crim. App. 1919); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex.Crim. App. 1973); *Delacruz v. State*, 167 S.W.3d 904 (Tex. App.—Texarkana 2005); *Acosta v. State*, 160 S.W.3d 204; (Tex App—Ft. Worth 2005-no pet.); *McGruder v. Puckett*, 954 F2d 316 (5th Cir.) cert denied 506 U.S. 849 (1992) and *Harmelin v. Michigan*, 501 U.S. 957 (1991).

After this court reviews the record and the PSI, Appellant believes that this court will reverse the trial court and order a new punishment hearing in which a proportionate and reasonable sentence will be assessed.

## PRAYER

Appellant respectfully requests that the court reverse the trial court and order a new punishment hearing. Appellant also prays for all such additional or future relief to which he may be entitled to in law or in equity.

4

Respectfully Submitted,

RICHARD A. HENDERSON, P.C.
Two City Place
100 Throckmorton Street, Suite 540
Fort Worth, Texas 76102
Telephone: (817) 332-9602
Telecopier: (817) 335-3940
*richard@rahenderson.com*

RICHARD A. HENDERSON
State Bar No. 09427100
**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of TEX.R.APP. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of TEX.R.APP. P. 9.4(i) because it contains 1,317 words, excluding any parts exempted by TEX.R.APP.P. 9.4(i)(1), as computed by the word-count feature of Microsoft Office Word 2010, the computer software used to prepare the document.

Richard A. Henderson

5

## CERTIFICATE OF SERVICE

A true copy of the Appellant's Brief has been electronically served on opposing counsel, Ms. Debra Windsor, Assistant Criminal District Attorney, Post-Conviction, Tarrant County District Attorney's Office, 401 W. Belknap Street, Fort Worth, Texas 76196 and mailed U.S. Regular Mail to Appellant, Mr. Robert Gonzales, TDCJ #1978388, Formby Unit, 998 CR AA, Plainview, Texas 79072 on this the 5th of May, 2015.

Richard A. Henderson