ACCEPTED
03-14-00411-CR
6549042
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/18/2015 4:05:11 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00411-CR

(Trial Court No. A-11-0535-S)

IN THE

COURT OF APPEALS

FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/18/2015 4:05:11 PM
JEFFREY D. KYLE
Clerk

---

MANUEL RUIZ CONSTANCIO,
Appellant.

VS.

THE STATE OF TEXAS,
Appellee.

---

From the 51ST Judicial District Court
of Tom Green County, Texas
The Honorable Jay Weatherby, Judge Presiding

---

## BRIEF OF APPELLANT

---

ORAL ARGUMENT NOT REQUESTED

SHAWNTELL McKILLOP
25 West Beauregard Avenue
San Angelo, Texas 76903
Telephone: (325) 658-1991
Facsimile: (325) 655-1391
Texas State Bar No.24007655
E-Mail: mckillopattorney@hotmail.com
Court Appointed Attorney for Appellant

1

## IDENTITY OF PARTIES AND COUNSEL

In order that the members of the Court may determine disqualifications or refusal pursuant to Rule 74(a) of the Texas Rules of Appellate Procedure, Appellant certifies that the following is a complete list of all parties interested in the outcome and their attorneys of record:

Mr. George McCrea
Tom Green County District Attorney
124 West Beauregard Avenue
San Angelo, Texas 76903
APPELLEE

Kirk Hawkins
P.O. Box 3645
San Angelo, Texas 76902
State Bar No. 09250400
DEFENSE AND TRIAL ATTORNEY

Mr. Manuel Ruiz Constancio
TDCJ Number 01938566
John Middleton Transfer Facility
13055 FM 3522
Abilene, Texas 79601
APPELLANT

Shawntell McKillop
25 West Beauregard Avenue
San Angelo, Texas 76903
State Bar No.24007655
ATTORNEY FOR APPELLANT

The Honorable Jay Weatherby
Tom Green County Courthouse
112 West Beauregard Avenue
San Angelo, Texas 76903
TRIAL JUDGE

# TABLE OF CONTENTS

Index of Authorities                              3

Statement of the Case                             4

Statement of the Facts                            6

Sufficiency of the Evidence                       9

Objections                                        9

Effectiveness of Counsel                          9

Punishment                                        11

Conclusion                                        11

Prayer                                            11

# INDEX OF AUTHORITIES

**CASE**                                                                                                   **Page**


Anders v. California 386 US 738, 87 S. Ct. 1396, 18 L.Ed 2nd 493
(1963)                                                                                                         5

Delacruz v. State 167 SW3d 905 at 906 (Tx.App.-Texarkana 2005)     5

High v. State 573 SW2d 807 (Tx.Crim.App. 1978                                        5

Stafford v. State 813 SW2d 503 (Tx.Crim.App. 1991)                              5

Strickland v. Washington 466 US 668, 104 S.Ct. 2052, 80 L.Ed.2d
674 (1984)                                                                                                  12

Winchester v. State 246 SW3d 386 At 388 (Tx.App.-Amarillo 2008)   12



**STATUTES**


Rule 74(a), Texas Rules of Appellate Procedure                                    5

Penal Code, Section 20.03                                                                         4

## STATEMENT OF THE CASE

The Appellant, Manuel Ruiz Constancio, was originally indicted July 6, 2011 for the offense of aggravated robbery a prior conviction under Texas Penal Code §20.03, a first degree felony enhanced (C.R.at 8). On or about June 5, 2012, Appellant plead guilty to the offense of Robbery, a lesser included second degree felony offense of the original indicted offense. (C.R.at 9) After hearing testimony, the Court found that the evidence substantiated Appellant's guilt, further deferred proceedings without entering an adjudication of guilty, and placed Appellant on adult probation for a period of ten (10) years. (C.R.at 9)

On August 19, 2013, the State filed a motion to revoke deferred adjudication and to proceed to adjudicate guilt alleging Manuel Ruiz Constancio violated the terms and conditions of probation (C.R.at 33-35). On April 24, 2014, before the Honorable Jay Weatherby, Presiding Judge of the 51st District Court, Appellant entered a plea of not true to each of the allegations in the motion to adjudicate guilt. After hearing testimony and considering the evidence, the Court sentenced the Manuel Ruiz Constancio to 10 years in the State Jail Division of the Texas Department of Criminal Justice (IV R.R.at 25).

4

Appellant filed a motion for new trial on April 29, 2014. On June 6, 2014, the Court appointed Shawntell McKillop to represent Appellant on this appeal.

Counsel has reviewed the record, interviewed the Appellant, spoken with Appellant's trial counsel. Counsel can find no arguable grounds on which to appeal. Counsel will attempt to comply with the guidelines regarding such appeals as set forth in *High v. State* 573 SW2d 807 (Tx.Crim.App. 1978), *Anders v. California* 386 US 738, 87 S. Ct. 1396, 18 L.Ed 2nd 493 (1963), and *Stafford v. State* 813 SW2d 503 (Tx.Crim.App. 1991).

The record consists of the Clerk's record in one (1) volume of 66 pages which will be referred to as "C.R.", and the reporter's record which consist of four (4) volumes, which will be referred to as "R.R.". Volume one contains the master index; Volume two is the transcription of Appellant's jury trial from January 24, 2014 on Cause No. A-11-0535-S; Volume three is the transcription of Appellant's jury trial from January 25, 2014 on Cause No. A-11-0535-S; Volume four is the record from the final hearing on the State's motion to adjudicate on April 34, 2014; Volume five contains the exhibits from both hearings.

## STATEMENT OF THE FACTS

On August 19, 2013, the State filed a motion to revoke deferred adjudication and to proceed to adjudicate guilt alleging Manuel Ruiz Constancioviolated the terms and conditions of probation (C.R. at 33-35). The State's motion contained four allegations: (1) on or about July 14, 2013, Appellant had committed the offense of indecency with a child younger than seventeen (17) years of age; (2) Appellant failed to complete 240 hours of community service; (3) Appellant failed to report in person to the Concho Valley Community Supervision and Corrections Department; and (4) Appellant failed to complete a required "theft by check" course (C.R. at 33-35). The State ultimately abandoned the fourth allegation. (IV R.R. at 28-29) The Court heard evidence as to the remaining three allegations of the State's motion to revoke deferred adjudication.

On January 25, 2014, after the conclusion of a two-day jury trial Manuel Constancio was found guilty of Indecency with a Child by Sexual Contact District Court Cause Number A-13-1024-SA (III R.R. 108).

On April 24, 2014, the final hearing on the State's motion to revoke and adjudication of guilt was reconvened from the jury trial regarding Cause No. A-

6

13-1024-SA (IV R.R. at 5-7). The Court took judicial notice of the testimony and evidence the Court heard during that matter and proceeded to hear evidence regarding the remaining allegations in the State's motion to revoke deferred adjudication.

The State called Lara Allen, a probation officer with the Concho Valley Community Supervisions and Corrections Department(IV R.R. at 8). She testified generally that Appellant had violated conditions of his probation by failing to complete the monthly requisite of community serviceand that he failed to report in person to the Concho Valley Community Supervisions and Corrections Department. Specifically, Ms. Allen testified that Appellant was required to complete ten (10) community service hours per month until he completed the 240 hours (IV R.R. at 11). On cross-examination, Ms. Allen admitted that Appellant had three (3) years to complete his required community service hours and had, in less than one year, completed but fifty-five and a half hours of the 240 he was ordered to serve (IV R.R. at 13-14).

Additionally, Ms. Allen stated that Appellant failed to report in person for at least one scheduled office visit with his probation officer during the week of June 5, 2015. When asked for the Departments' recommendation, Ms. Allen recommended revocation, due to Appellant's non-compliance with his probation

conditions and for being convicted of sexual indecency with a child (IV R.R. at 12).

Appellant, Manuel Ruiz Constancio, testified on his own behalf. Appellant testified that, as far as his community service hours were concerned, he worked in the custodial department at the Keys Building and his supervisor's name was Ray (IV R.R. IV at 15). Appellant testified that he failed to complete the required minimum of ten hours community service hours for the month of June 2013 because his supervisor, Ray, had verbally told Appellant he was caught up on his hours. When Appellant met with his probation officer in July, he was given the opportunity to get caught up on his hours (IV R.R. at 16). Appellant further testified that he had made an effort to turn his life around and start his own business, in addition to working other jobs to support his family (IV R.R. at 16).

On cross-examination, Appellant denied committing both the underlying offense of robbery and the offense of indecency with a child, of which he had been previously convicted (IV R.R. at 18). Appellant stated thathe did plead guilty to the underlying offense of robbery, but only to get probation and avoid possible jail time (IV R.R. at 18).

After considering all the evidence, the Court found that Appellant violated the terms and conditions of his probation, revoked probation, and

8

entered a finding of guilt (IV R.R. at 25). The Court sentenced Appellant to (10) ten years in the Institutional Division of The Texas Department of Criminal Justice (IV R.R. at 25).

## SUFFICIENCY OF THE EVIDENCE

On June 5, 2012, Appellant signed a written stipulation of evidence admitting guilt. Appellant's guilty plea and the Court's findings that he had violated the terms of his probation were sufficient to adjudicate guilt.

## OBJECTIONS

There were no objections made by either party during the trial.

## EFFECTIVENESS OF COUNSEL

This Court evaluates ineffective assistance of counsel claims based on the standard or review established by the United States Supreme Court in *Strickland v. Washington* and adopted by the Texas Court of Criminal Appeals. *Strickland v. Washington,* 466 U.S. 688 (1984); *Hernandez v. State,* 988 S.W.2d 770 (Tex. Crim. App. 1999).

In *Strickland,* the United States Supreme Court established a two-part test applied in reviewing ineffective assistance of counsel claims on appeal. *Strickland v. Washington,* 466 U.S. at 687. The two part test known as the *Strickland Standard* provides as follows: "First, the defendant must show that

9

counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

This Court applies the *Strickland Standard* as interpreted by the Texas Court of Criminal Appeals. This Court requires a defendant to first show the performance of the defendant's trail counsel was deficient. After successfully illustrating trial counsel's deficient performance, the defendant must show this deficient performance actually prejudiced the defendant. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Strickland v. Washington,* 466 U.S. at 694. The defendant is required to prove by a preponderance of the evidence that his trial counsel rendered ineffective assistance of counsel. *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002.

The trial court appointed attorney Kirk Hawkins to represent Appellant on August 29, 2013 on the State's motion to revoke deferred adjudication (C.R. 36). Appellant's counsel cross-examined the State's witnesses extensively as

10

well as thoroughly questioning Appellant, himself. Mr. Hawkins attempted to prove to the Court that Appellant had made a sincere effort to turn his life around and asked the Court for leniency in the sentence of this matter (IV R.R. 24). The Trial Counsel's performance far exceeded the standards for effective assistance of counsel based on the definition of ineffective assistance as per *Stafford v. State* 813 SW2d 503 (Tx.Crim.App. 1991) and *Strickland v. Washington* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The record reflects that Attorney Kirk Hawkins effectively represented Appellant throughout the entire case. The record does not indicate that Attorney Hawkins was deficient in any way. In this counsel's opinion, in the event that Mr.Hawkins's performance was somehow deficient, the evidence from the record does not indicate it prejudiced Appellant in any manner.

## PUNISHMENT

The courts have traditionally held that punishment assessed within the range set by the legislature in a valid statute is not excessive, cruel, or unusual. *Winchester v. State* 246 SW3d 386 at 388 (Tx.App.-Amarillo 2008), petition for discretionary review refused, *Delacruz v. State* 167 SW3d 905 at 906 (Tx.App.-Texarkana 2005). The maximum sentence for this charge would be twenty

11

years, with a minimum of two. The Court assessed punishment within the statutory range for this offense.

## CONCLUSION

After reviewing the record of the case, Appellant's counsel can find no reversible error.

## PRAYER

Shawntell McKillop, Counsel for Manuel Ruiz Constancio, prays this Court acknowledge and approve her request to withdraw from her court appointed duty of providing farther legal representation to appellant on original appeal.

Appellant Manuel Ruiz Constancio prays for additional time to review the Anders Brief submitted on behalf of Appellant and the opportunity to file a pro se Appellant's Brief on Original Appeal on his own behalf.

Respectfully submitted,

*/s/Shawntell McKillop*
Shawntell McKillop
25 West Beauregard Avenue
San Angelo, Texas 76903
(325) 658-1991
STATE BAR NO. 24007655
E-Mail: mckillopattorney@hotmail.com

12

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served on Mr. George McCrea, 119ᵗʰ District Attorney, Tom Green County Courthouse, Court Street Annex, 124 West Beauregard, San Angelo, Texas 76903; and on Appellant, Mr. Manuel Constancio, 1536 East IH-10, Fort Stockton, Texas 76901, on this 17th day of August, 2015.

I further certify that I have mailed a notice to the Appellant at the above-referenced address on August 17, 2015, informing of my intention of filing a frivolous appeal and advising her of her rights to file her own brief and to review the record.

_/s/ Shawntell McKillop_
Shawntell McKillop


## CERTIFICATE OF COMPLIANCE

I certify that the above and foregoing Appellant's Brief contains 1,742 words.

_/s/ Shawntell McKillop_
Shawntell McKillop


## NOTICE TO APPELLANT, MANUEL CONSTANCIO

YOU HAVE THE RIGHT TO FILE YOUR OWN BRIEF IN THIS CAUSE. YOU ALSO HAVE THE RIGHT TO REVIEW THE COURT RECORD AND THE COURT REPORTER'S RECORD. YOU HAVE THIRTY (30) DAYS FROM THE DATE OF THE FILING OF THIS BRIEF IN WHICH TO PREPARE AND SUBMIT YOUR OWN BRIEF.

_/s/Shawntell McKillop_
Shawntell McKillop

13

# SHAWNTELL MCKILLOP

ATTORNEY-AT-LAW
25 W. Beauregard Ave.
San Angelo, Texas 76903-5832

Phone: (325) 658-1991                                                    Fax: (325) 655-1391
Email: mckillopattorney@hotmail.com          http://www.mckillopattorney.com

August 17, 2015

Mr. Manuel Ruiz Constancio          CMRR No.7014 2120 0001 8641 1231
TDCJ # 01938566
Fort Stockton Unit
1536 East IH-10
Fort Stockton TX, 79735

Re:     *Manuel Ruiz Constancio v. The State Of Texas*

Dear Mr. Constancio:

Enclosed please find a copy of the motion to withdraw as counsel and brief pursuant to *Anders v. California* that I have prepared and filed in your case. After a diligent search of both the clerk's record and reporter's record in your case and a review of the applicable law, it is my opinion that no reversible error occurred at your trial.

Whenever appellate counsel files a motion such as this, the law provides the appellant the right to review the record and file a response identifying to the appellate court any grounds he thinks are non-frivolous issues to be raised on his behalf that the appellate court should consider in deciding whether the case presents any meritorious grounds for appeal. Because I have filed this motion and brief, you now have the right to review the record and file a response or brief if you so choose. To assist you in obtaining the record if you wish to review it, I have enclosed a *Motion for Pro Se Access to the Appellate Record* for you to file. In order to obtain the appellate record, you must sign and date the motion and mail it to the Third Court of Appeals within ten days of the date of this letter at the following address:

1

Jeffrey D. Kyle, Clerk
Third Court of Appeals
Post Office Box 12547
Austin, Texas 78711

The Court of Appeals will then direct the clerk of the trial court to provide you with a copy of the appellate record. Your response will be due to be filed in the Third Court of Appeals within 30 days of the date the clerk provides the record to you.

Whether or not you file a response, the law requires the Court of Appeals to review the record to determine if the Court agrees with my assessment that no meritorious grounds for appeal exist, i.e., that no reversible error exists. If the Court does not agree, but instead believes there are non-frivolous issues to be raised on your behalf, the Court must abate the appeal to have another attorney appointed to review the record on your behalf.

Should the Court of Appeals ultimately determine that there are no meritorious grounds to be raised and that your appeal is frivolous, the Court will affirm your conviction and sentence. You may then file a pro se petition for discretionary review with the Texas Court of Criminal Appeals. Such petition must be filed within 30 days of the date the Court of Appeals renders its judgment.

Feel free to write me if you have any questions about the procedure utilized in your appeal. I will do my best to answer any questions you may have.

Sincerely,

Shawntell McKillop
Attorney at Law


Enclosures: Copy of Anders Brief
            Copy of Certificate of Service
            Motion to Withdraw
            Original plus copies of Pro Se Motion for Access to the Appellate
            Record

2

NO. 03-14-00411-CR

| | | |
|---|---|---|
| MANUEL RUIZ CONSTANCIO | § | IN THE COURT OF APPEALS |
| | § | |
| v. | § | THIRD JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS | § | SITTING AT AUSTIN, TEXAS |

## MOTION FOR PRO SE ACCESS TO THE APPELLATE RECORD

To the Honorable Third Court of Appeals, now comes Manuel Ruiz Constancio and requests this court provide me with a copy of the clerks record and reporters record so that I may prepare a brief on my behalf.

My Current Address is: TDCJ # 01938566, Fort Stockton Unit, 1536 East IH-10, Fort Stockton TX, 79735

Respectfully Submitted,

_____
Manuel Ruiz Constancio

## CERTIFICATE OF SERVICE

This is to certify that on _____, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Tom Green County 124 W. Beauregard San Angelo TX 76903-5835.

_____
Manuel Ruiz Constancio

NO. 03-14-00411-CR

| | | |
|---|---|---|
| MANUEL RUIZ CONSTANCIO | § | IN THE COURT OF APPEALS |
| | § | |
| v. | § | THIRD JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS | § | SITTING AT AUSTIN, TEXAS |

## MOTION FOR PRO SE ACCESS TO THE APPELLATE RECORD

To the Honorable Third Court of Appeals, now comes Manuel Ruiz Constancio and requests this court provide me with a copy of the clerks record and reporters record so that I may prepare a brief on my behalf.

My Current Address is: TDCJ # 01938566, Fort Stockton Unit,1536 East IH-10, Fort Stockton TX, 79735

Respectfully Submitted,

_____
Manuel Ruiz Constancio

## CERTIFICATE OF SERVICE

This is to certify that on _____, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Tom Green County 124 W. Beauregard San Angelo TX 76903-5835.

_____
Manuel Ruiz Constancio

NO. 03-14-00411-CR

| MANUEL RUIZ CONSTANCIO | § | IN THE COURT OF APPEALS |
|---|---|---|
| | § | |
| v. | § | THIRD JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS | § | SITTING AT AUSTIN, TEXAS |

## MOTION FOR PRO SE ACCESS TO THE APPELLATE RECORD

To the Honorable Third Court of Appeals, now comes Manuel Ruiz Constancio and requests this court provide me with a copy of the clerks record and reporters record so that I may prepare a brief on my behalf.

My Current Address is: TDCJ # 01938566, Fort Stockton Unit,1536 East IH-10, Fort Stockton TX, 79735

Respectfully Submitted,

_____
Manuel Ruiz Constancio

## CERTIFICATE OF SERVICE

This is to certify that on _____, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Tom Green County 124 W. Beauregard San Angelo TX 76903-5835.

_____
Manuel Ruiz Constancio

## CAUSE NO. 03-14-00411-CR

| | | |
|---|---|---|
| **MANUEL RUIZ CONSTANCIO** | § | **IN THE COURT OF APPEALS** |
| | § | |
| **vs.** | § | **THIRD JUDICIAL DISTRICT** |
| | § | |
| **THE STATE OF TEXAS** | § | **SITTING AT AUSTIN, TEXAS** |

## CERTIFICATE OF COUNSEL

In compliance with the requirements of *Anders v. California*, 386 U.S. 378

(1967), I, Shawntell McKillop court-appointed counsel for appellant, MANUEL

RUIZ CONSTANCIO in the above-referenced appeal, do hereby verify, in writing,

to the Court that I have:

1.  notified appellant that I filed a motion to withdraw as counsel with an accompanying *Anders* brief, and provided a copy of each to appellant;

2.  informed appellant of his right to file a pro se response identifying what he believes to be meritorious grounds to be raised in his appeal, should he so desire;

3.  advised appellant of his right to review the appellate record, should he wish to do so, preparatory to filing that response;

4.  explained the process for obtaining the appellate record, provided a *Motion for Pro Se Access to the Appellate Record* lacking only appellant's signature and the date, and provided the mailing address for this Court; and

5.  informed appellant of his right to seek discretionary review pro se should this Court declare his appeal frivolous.

Respectfully submitted,


___/s/Shawntell McKillop_____
Shawntell McKillop