ACCEPTED
07-15-00036-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
10/26/2015 1:41:18 PM
Vivian Long, Clerk

CASE NO. 07-15-00036-CR

IN THE SEVENTH JUDICIAL COURT OF APPEALS
AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
10/26/2015 1:41:18 PM
VIVIAN LONG
CLERK

DESIREE NICOLE ROMERO
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

FROM THE 100th DISTRICT COURT OF CARSON COUNTY;

NO. 4898; HONORABLE STUART MESSER, JUDGE

**APPELLEE'S BRIEF**

Oral Argument Requested

_____

Luke McLean Inman
100TH JUDICIAL DISTRICT ATTORNEY
800 West Avenue, BOX 1
Wellington, TX 79095
State Bar No. 24050806
(806) 447-0055 – Telephone
(866) 233-2738 – Facsimile
luke.inman@windstream.net

ATTORNEY FOR APPELLEE

## CERTIFICATE OF INTERESTED PERSONS

I hereby certify that the following listed person(s) or entities have rights which may be adversely affected by the outcome of these appeals in this Court so that the Justices of this Court may review the same to determine the need for refusal or disqualification, if necessary, herein:

1. The Defendant/Appellant, DESIREE NICOLE ROMERO, who may be served with process herein at the address of her Counsel of Record, Mr. Dale A. Rabe, Jr., P.O. Box 1257, Childress, TX 79201.

2. The Appellee, the STATE OF TEXAS, is represented herein by Luke M. Inman, District Attorney for the 100th Judicial District, 800 West Avenue, Box 1, Wellington, Texas 79095, Telephone (806) 447-0055, Facsimile (866) 233-2738, and may be served with process at his address.

TABLE OF CONTENTS
## **SUBJECT INDEX**

SUBJECT:                                                                    PAGE:

Certificate of Interested Persons…………………………………     i

Table of Contents………………………………………………     ii - iv

      Subject Index……………………………………………     ii

      Index of Authorities……………………………………     iii - iv

Statement of the Case……………………………………………     1 - 2

Counterpoint of Error……………………………………………     2

Statement of the Facts……………………………………………     3 - 4

Summary of the Arguments………………………………………     5

Arguments and Authorities………………………………………     5 - 12

COUNTERPOINT OF ERROR NUMBER ONE:……………     5 - 12

THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN
ASSESSING THE APPELLANT'S PUNISHMENT WITHIN THE
STATUTORY RANGE ALLOWED UNDER THE LAW.

Prayer…………………………………………………………     13

Certificate of Service……………………………………………     13

Certificate of Compliance ……………………………………….     14

# INDEX OF AUTHORITIES

**Cases**                                                          **Page**

*U.S. Supreme Court Cases*

*Ewing v. California* …………………………………………….    7
538 U.S. 11, 123 S. Ct. 1179, 1185, 155 L. Ed. 2d 108 (2003)

*Graham v. Florida* …………………………………………    7
130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010) (Stevens, J., concurring)

*Harmelin v. Michigan* …………………………………………..    6
501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991)

*Rummel v. Estelle* …………………………………………….    7
445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980)

*Solemn v. Helm* …………………………………………………    6,7
463 U.S. 277 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983)

*Texas Cases*

*Cantu v. State* …………………………………………………..    6
842 S.W.2d 667 (Tex. Crim. App. 1992)

*Cardona v. State* ……………………………………………….    6
665 S.W.2d 492 (Tex. Crim. App. 1984)

*Cole v. State* …………………………………………………….    6
578 S.W.2d 127 (Tex. Crim. App. [Panel Op.] 1979)

*Delacruz v. State* ……………………………………………    7
167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.)

*Jackson v. State* ………………………………………………..    6
680 S.W.2d 809 (Tex. Crim. App. 1984)

*Jordan v. State* …………………………………………………    6
495 S.W.2d 949 (Tex. Crim. App. 1973)

*Moore v. State* ………………………………………………… 6
605 S.W.2d 924 (Tex. Crim. App. 1980)

*Rickels v. State* ………………………………………………… 5
202 S.W.3d 759 (Tex. Crim. App. 2006)

CASE NO. 07-15-00036-CR
TRIAL COURT CASE NO. 4898

_____

IN THE SEVENTH JUDICIAL COURT OF APPEALS
AMARILLO, TEXAS

_____

DESIREE NICOLE ROMERO
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

_____

FROM THE 100th DISTRICT COURT OF CARSON COUNTY;

NO. 4898; HONORABLE STUART MESSER, JUDGE

_____

**APPELLEE'S BRIEF**

_____

Respectfully submitted,

_____

Oral Argument Requested          Luke McLean Inman
                                 100th Judicial District Attorney
                                 State Bar No. 24050806
                                 800 West Avenue, Box 1
                                 Wellington, TX  79095
                                 (806) 447-0055 – Telephone
                                 (866) 233-2738 - Facsimile
                                 luke.inman@windstream.net
                                 ATTORNEY FOR APPELLEE

**TO THE HONORABLE SEVENTH COURT OF APPEALS:**

THE STATE OF TEXAS, the Appellee in the above-styled and numbered

cause, by and through her counsel of record on appeal herein, submits to this Court

her Brief on Appellant's appeal responding to points of error of fact and law in the

trial court below as follows:

For convenience, the State of Texas, Appellee, will hereinafter be referred to

as the State, and the Appellant, Desiree Nicole Romero, will hereinafter be referred

to as the Appellant, throughout the remainder of this brief. References to the

Reporter's Record are designated as "(R.R. Vol. #, page #, line (s) #)" and the

Clerk's Record are designated as "(C.R. page #)."

## STATEMENT OF THE CASE

On November 9, 2011, in Cause Number 4898, in Carson County, Texas, the

Appellant pled guilty to the second degree felony offense of possession of

marijuana. R.R. Vol. 1, p. 7, LL 14-17. The trial court sentenced Appellant to

four years deferred adjudication probation. C.R. p. 22.

On October 29, 2012, the State filed a Motion to Adjudicate Guilt. C.R. p.

37. The State alleged that the Appellant had violated her community supervision

by failing to notify her community supervision officer within 48 hours of a change

in home address; by failing to report; by failing to pay community supervision

fees; by failing to pay fines, court costs and attorney fees; and by failing to complete the required 300 hours of community service. R.R. Vol. 1, p. 7, L 20 – p. 8, L 6.

On December 19, 2014, the trial court conducted a hearing on the Motion to Adjudicate. R.R. Vol. 1, p. 1, LL 9-10. The Appellant pled true to each of the violations. R.R. Vol. 1, p. 9, LL 5-7. The trial court found that the Appellant had violated the terms of her community supervision by failing to notify her community supervision officer within 48 hours of a change in home address; by failing to report; by failing to pay community supervision fees; by failing to pay fines, court costs and attorney fees; and by failing to complete the required 300 hours of community service. R.R. Vol. 1, p. 10, LL 15-17. The trial court then convicted the Appellant of the second degree felony offense of possession of marijuana. R.R. Vol. 1, p. 10, LL 15-17.

After the punishment phase of the hearing, the trial court assessed the Appellant's punishment at fourteen years confinement in the Texas Department of Criminal Justice Institutional Division. R.R. Vol. 1, p. 40, L 19.

## COUNTERPOINT OF ERROR

COUNTERPOINT OF ERROR NUMBER ONE:

THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN ASSESSING THE APPELLANT'S PUNISHMENT WITHIN THE STATUTORY RANGE ALLOWED UNDER THE LAW.

## STATEMENT OF THE FACTS

On October 29, 2012, the State filed a Motion to Adjudicate Guilt. C.R. p. 37. The State alleged that the Appellant had violated the terms of her community supervision by failing to notify her community supervision officer within 48 hours of a change in home address; by failing to report; by failing to pay community supervision fees; by failing to pay fines, court costs and attorney fees; and by failing to complete the required 300 hours of community service. R.R. Vol. 1, p. 7, L 20 – p. 8, L 6.

On December 19, 2014, the trial court conducted a hearing on the Motion to Adjudicate. R.R. Vol. 1, p. 1, LL 9-10. The Appellant pled true to each of the violations. R.R. Vol. 1, p. 9, LL 5-7. The trial court found that the Appellant had violated the terms of her community supervision by failing to notify her community supervision officer within 48 hours of a change in home address; by failing to report; by failing to pay community supervision fees; by failing to pay fines, court costs and attorney fees; and by failing to complete the required 300 hours of community service. R.R. Vol. 1, p. 10, LL 15-17. The trial court convicted the Appellant of the second degree felony offense of possession of marijuana. R.R. Vol. 1, p. 10, LL 15-17.

During the punishment phase of the hearing, the Appellant was the only witness. R.R. Vol. 1, p. 11, L 12. The Appellant testified that while she was on

probation, her sister kicked her out of her house. R.R. Vol. 1, p. 12, LL 4-8. The Appellant testified that she was scared and did not have any money so she did not contact the probation department. R.R. Vol. 1, p. 12, LL 4-18. The Appellant also testified that she had a drug problem at the time. R.R. Vol. 1, p. 22, L 22. The Appellant testified that she moved to New Mexico in August 2012 to live with her uncle and never contacted the probation department. R.R. Vol. 1, p. 12, L 10; p. 31, L 4.

The Appellant testified that she now lives in Albuquerque in her own apartment with her three children. R.R. Vol. 1, p. 16, LL 16-18. The Appellant testified that she works for home health and has one client. R.R. Vol. 1, p. 22, L 4. The Appellant testified that she no longer has a drug problem. R.R. Vol. 1, p. 31, L 25. The Appellant testified that from August 2012 until December 2014, she did not try to contact the probation department because she was scared. R.R. Vol. 1, p. 35, L 3. The Appellant testified that she was arrested on the Motion to Adjudicate after the police contacted her after she witnessed a fight between neighbors. R.R . Vol. 1, p. 23, LL 3-5.

At the conclusion of the punishment phase, the trial court stated that it appeared that the Appellant had no intention of ever trying to complete her probation. R.R. Vol. 1, p. 40, LL 7-8. The trial court then assessed the

Appellant's punishment at fourteen years confinement in the Texas Department of Criminal Justice Institutional Division. R.R. Vol. 1, p. 40, L 19.

## SUMMARY OF THE ARGUMENTS

The trial court did not abuse its discretion in assessing the Appellant's punishment within the statutory range allowed under the law. The Appellant pled true to the violations of the conditions of her deferred adjudication community supervision. The Appellant's plea of true is sufficient to support the trial court's revocation of her community supervision. Once the trial court adjudged the Appellant guilty, it did not abuse its discretion in assessing the punishment of fourteen years incarceration for the second degree felony offense of possession of marijuana. In assessing punishment, the trial court explained that based on the evidence in the hearing, it did not appear that the Appellant intended to ever try and complete her probation. Thus, based on the actions of the Appellant completely disregarding her conditions of community supervision, the trial court did not abuse its discretion in assessing punishment within the statutory range.

Therefore, this case should be affirmed for the State.

## ARGUMENTS AND AUTHORITIES

COUNTERPOINT OF ERROR NUMBER ONE:

THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN ASSESSING
THE APPELLANT'S PUNISHMENT WITHIN THE STATUTORY RANGE
ALLOWED UNDER THE LAW.

A trial court's order revoking community supervision is reviewed under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). A plea of true, standing alone, is sufficient to support revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979). Proof of a single violation of the terms of community supervision is sufficient to support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). The trial court abuses its discretion only if its decision "was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).

An appellate court reviews a sentence imposed by the trial court under an abuse of discretion standard. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). As a general rule, a penalty assessed within the proper punishment range will not be disturbed on appeal. *See id*. at 814. Texas courts have traditionally held that as long as the punishment is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *See, e.g.*, *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973).

A narrow exception to the general rule is recognized when the sentence is grossly disproportionate to the offense. *Harmelin v. Michigan*, 501 U.S. 957, 1004-05, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) (Kennedy J., concurring);

*Solemn v. Helm*, 463 U.S. 277, 290-92, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). In such cases, the sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Solem*, 463 U.S. at 290. Thus, a prohibition against grossly disproportionate punishment survives under the Federal Constitution apart from any consideration of whether the punishment assessed is within the statute's range. *Delacruz v. State*, 167 S.W.3d 904, 906 (Tex. App.—Texarkana 2005, no pet.). The Eighth Amendment does not require strict proportionality between crime and sentence; rather, it forbids only extreme sentences that are grossly disproportionate to the crime. *See Ewing v. California*, 538 U.S. 11, 23, 123 S. Ct. 1179, 1185, 155 L. Ed. 2d 108 (2003). However, "outside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem*, 463 U.S. at 289-90 (quoting *Rummel v. Estelle*, 445 U.S. 263, 272, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980)). When faced with a categorical challenge to a term-of-years sentence, the judiciary, in determining whether the punishment at issue is grossly disproportionate to the offense, must consider: (1) whether there is a national consensus against imposing the punishment for the offense; (2) the moral culpability of the offenders at issue in light of their crimes and characteristics; (3) the severity of the punishment; and (4) whether the punishment serves legitimate penological goals of retribution,

incapacitation, deterrence and rehabilitation.  *Graham v. Florida*, 130 S. Ct. 2011, 2026, 176 L. Ed. 2d 825 (2010) (Stevens, J., concurring).

In the current case, on November 9, 2011, the Appellant was placed on deferred adjudication community supervision for the second degree felony offense of possession of marijuana.  R.R. Vol. 1, p. 7, LL 14-17.  The punishment range for this offense is between two and twenty years.  R.R. Vol. 1, p. 8, L 24.  On December 19, 2014, the Appellant pled true to all of the alleged violations of the terms of her deferred adjudication community supervision.  R.R. Vol. 1, p. 9, L 5.  Specifically, the Appellant in the case at hand pled true to failing to notify the community supervision officer within 48 hours of a change in address; failing to report; failing to pay monthly community supervision fees; failing to pay fines, court costs, and attorney fees; and failing to complete 300 hours of community service.  R.R. Vol. 1, p. 7, L 20 – p. 8, L 6.

As stated in *Cole*, a plea of true of one violation of the terms of community supervision is sufficient to support a revocation.  In the current case, the Appellant pled true to all of the alleged violations.  R.R. Vol. 1, p. 9, L 5.  Therefore, in the current case, based on the plea of true, the trial court did not abuse its discretion in finding that the Appellant violated the terms of her deferred adjudication community supervision and convicting her of the second degree felony offense of possession of marijuana.

After properly adjudging the Appellant guilty, the trial court in the case at hand did not abuse its discretion by sentencing the Appellant to fourteen years incarceration, as the statutory range of punishment for the second degree felony is between two and twenty years. As stated in *Jackson*, as a general rule, a penalty assessed within the proper punishment range will not be disturbed on appeal.

The Appellant complains that the punishment is not fair as the Appellant was convicted of possessing 80 pounds of marijuana, which is on the lower end of the 50 to 2,000 pound range covered by a second degree felony but was sentenced to fourteen years, which is on the higher end of the two to twenty years punishment range for a second degree felony. *See* Appellant's Brief, p. 18. However, as held in *Ewing*, the Eighth Amendment does not require strict proportionality between crime and sentence; rather, it forbids only extreme sentences that are grossly disproportionate to the crime.

The Appellant in the case at hand violated five conditions of her community supervision, including the simple requirement to report. R.R. Vol. 1, p. 7, LL 20-25 – p. 8, LL 1-6. The Appellant gave no reasonable explanation as to why she did not contact the community supervision office for over two years after moving secretly to New Mexico, other than to testify that she was scared. R.R. Vol. 1, p. 35, L 3. The Appellant did not state that she was under duress or prevented from

contacting the community supervision office or give any evidence to justify her being "scared."

In addition, the Appellant's actions of avoiding the community supervision office for over two years indicate that she never intended to fulfill the conditions of her community supervision. In fact, the only reason that the Appellant was located was that she had contact with the police in New Mexico. The Appellant argues that she should have her community supervision reinstated, but her past actions do not give confidence that she would fulfill the conditions. The Appellant's past actions show a complete disrespect for the rulings of the court and the terms of her community supervision.

Thus, due to the Appellant's complete avoidance for over two years of fulfilling the terms of her community supervision, the court did not abuse its discretion in sentencing the Appellant within the statutory range for the crime for which she was convicted. The trial court in assessing punishment explained that it was basing its punishment on the fact that the Appellant seemed to have no intent of ever trying the complete the terms of her community supervision. R.R. Vol. 1, p. 40, L 7-8. Therefore, based on the seriousness of the crime and the Appellant's refusal to follow even the basic terms of her conditions of community supervision, the record contains evidence which supports the trial court's assessment of fourteen years incarceration.

Finally, to determine whether the fourteen year sentence in the current case is grossly disproportionate to the offense, the court must consider the four factors listed in *Graham*. For the first factor, the Appellant in the current case did not present any evidence of a national consensus against imposing a fourteen year sentence for the crime of possession of 80 pounds of marijuana. For the second factor, the Appellant in the case at hand did not present any evidence that she should be held less morally culpable for her crime. For the third factor, which is the only factor for which the Appellant made an argument, the severity of the punishment, the Appellant in the current case received a little higher than the mid-point of the punishment range as she received fourteen years on the range of two to twenty years. For the fourth factor, the Appellant's punishment in the current case will further the penological goals of incapacitation, deterrence and rehabilitation as she will not be able to avoid completing the terms of her community supervision. Thus balancing the factors in the case at hand, the Appellant has not carried her burden of showing that, according to contemporary national standards of decency, the punishment of fourteen years is grossly disproportionate to the offense of possession of 80 pounds of marijuana. Therefore, the Appellant's punishment in the current case has not violated the Eighth Amendment and the judgment should be affirmed.

In sum, in the case at hand, the trial court did not abuse its discretion in assessing the Appellant's punishment within the statutory range allowed under the law. The Appellant pled true to the violations of the conditions of her deferred adjudication community supervision. The Appellant's plea of true is sufficient to support the trial court's revocation of her community supervision. Once the trial court adjudged the Appellant guilty, it did not abuse its discretion in assessing the punishment of fourteen years incarceration for the second degree felony offense of possession of marijuana. In assessing punishment, the trial court explained that based on the evidence in the hearing, the Appellant did not intend to ever fulfill the conditions of her community supervision as she failed to contact the community supervision office for over two years. Therefore, based on the seriousness of the crime and the actions of the Appellant while on community supervision, the trial court did not abuse its discretion in assessing punishment within the statutory range for the second degree felony offense of possession of marijuana.

## PRAYER FOR RELIEF

The State of Texas respectfully requests this Honorable Court to affirm the

Trial Court's adjudication as well as the conviction of Appellant in all respects.

Respectfully Submitted by,

_____

LUKE MCLEAN INMAN
100TH JUDICIAL DISTRICT ATTORNEY
800 West Avenue, BOX 1
Wellington, TX 79095
State Bar No. 24050806
(806) 447-0055 – Telephone
(866) 233-2738 – Facsimile
luke.inman@windstream.net

## CERTIFICATE OF SERVICE

I, Luke M. Inman, hereby certify that a true and correct copy of the

foregoing Brief was on this the 26th day of October, 2015, forwarded to counsel of

record by the United States Postal Service in accordance with the Texas Rules of

Appellate Procedure.

_____
Luke M. Inman, District Attorney

# CERTIFICATE OF COMPLIANCE

I, Luke M. Inman, hereby certify that the above and foregoing Appellee's Brief is 2,994 words in its completion, signed on this the 26th day of October, 2015, in accordance with the rules governing same.

_____

Luke M. Inman, District Attorney